## FREEMAN v. WATKINS.

.ATTACHMENTS: *Sale of property: Confirmation.*

> The sale of attached property is not complete until it is confirmed by the court. [*Mansf. Dig., sec. 350.*] An action to recover the purchase money, brought before such confirmation, is therefore premature and cannot be maintained.

APPEAL from *Carroll* Circuit Court, Eastern District.

M. R. BAKER, Special Judge.

Freeman brought this action against Watkins and Fancher upon a promissory note executed by them for the price of a town lot, sold by Freeman as Sheriff upon a credit of three months, and purchased by Watkins. The sale was made under an order of the Circuit Court, for the satisfaction of a judgment recovered in a suit in which the lot was attached, and the attachment sustained. The judgment below was for the defendants, and the plaintiff appealed.

Mansf. Dig., sec. 350, provides that the sale of attached property "shall be subject to the confirmation of the court."

*Crump & Watkins*, for appellant.

That the sale was not reported, or confirmed by the court, was an irregularity merely, occurring since appellant's cause of action accrued, and one which appellees, or any one having an interest could at any time have brought before the court for its action. The bid had not been rejected, nor had the court refused to confirm the sale.

The rule of *caveat emptor* applies to judicial as well as executive sales. *Rorer Jud. Sales, 174; 32 Ark., 324; Freeman Void Jud. Sales, sec. 46; Waples on Att., 535; 4 Ark., 289; 10 id., 211; 99 N. Y., 350.*

*U. M. & G. B. Rose*, for appellees.

Attachment sales are judicial sales. They must be confirmed by the court. Until confirmation there is only an unaccepted offer, and no contract, and the purchaser cannot be sued for his bid. *47 Ark., 419; 23 id., 41; 34 id., 346; 38 id.,*

*80; 2 Freeman on Ex., 304 a; ib., 313 b; 2 Dan.` Chy. Pl. and Pr. (4th ed.), 1281; 2 Ves. Jr., 336; 1 Sugd. on Vendors, marg. p. 71; 3 Dr. and War. Ir. Chy., 75; 2 Swan., 490; 129 U. S., 83.*

This case is concluded by the case of *Black v. Walton, 32 Ark., 321.*

PER CURIAM. Attachment sales are, by the terms of the statute, subject to confirmation by the court. The contract of sale is not complete until the bid of the purchaser is accepted by the court, and until acceptance there can be no enforcement of the contract by either party. The purchaser cannot, therefore, be compelled to comply with the terms of sale by payment of the purchase money, until his bid has been accepted by the court. *Freeman on Ex., sec. 304; Bell v. Green, 38 Ark., 78; Greer v. Powell, 3 Met. (Ky.), 124.*

There had been no confirmation in this case when the action to collect the purchase money was brought, and it was, therefore, premature.

If the plaintiff shall move a confirmation of the sale, the defendant can raise the other questions argued by him, in that proceeding. When the sale is confirmed the plaintiff can renew his action to recover the purchase money.

Affirm.