SNELL *v.* CUMMINS.

Opinion delivered December 9, 1899.

ATTACHMENT LIEN—ABANDONMENT.—Where an attachment, levied on real estate, was subsequently sustained, but no sale under the attachment was made, the attachment will be considered abandoned, though the land was sold under execution based upon a money judgment; and a lien upon the property acquired after the levy of the attachment, but before rendition of the judgment on which the execution was based, will take precedence over the execution sale. (Page 262.)

Appeal from Arkansas Chancery Court.

JAS. F. ROBINSON, Chancellor.

*M. J. Manning* and *J. P. Lee*, for appellant.

An attachment is a lien upon the property of the defendant subject to execution from the time of the delivery of the writ to the sheriff. 56 Ark. 292; 39 Ark. 97; 29 Ark. 85. The fact that the judgment was rendered for the debt before the attachment was sustained and execution issued is no waiver of the attachment lien. Waples, Attach. 511. Parol evidence is sufficient to authorize a *nunc pro tunc* judgment. 40 Ark. 230; 51 Ark. 323. The burden of proof is on him who claims protection as a *bona fide* purchaser. 56 Ark. 537; 50 Ark. 322.

*H. A. & J. R. Parker*, for appellees.

Confirmation of the report of sale by the court was necessary to give valid title. 52 Ark. 146. One not a party to a judgment by default certainly can claim no rights thereunder. Black, Judg. §§ 84, 87; 29 L. R. A. 593; 41 Ark. 42; 7 Ark. 445. The first clauses in a deed will prevail over the later ones; and the deed will be construed most strongly in favor of the vendee. 27 Ark. 523; 15 Ark. 703; 3 Ark. 18; 26 Ark. 128. The attachment should have been served by giving a copy to the occupant. Sand. & H. Dig., § 336. The levy was void for non-compliance with the statutes as to levying.

Waples, Attach. 258; 3 Ark. 509; 7 N. H. 399; Shinn, Attach. §§ 52, 207, 412. Possession of a mortgagee is notice of his rights. Waples, Attch. 494; Jones, Mortg. §§ 461, 600; 13 Bush, 635; 49 Ark. 279; 52 Ark. 385; 56 Ark. 55; 16 Ark. 543; 30 Ark. 111. The mortgage takes precedence of the attachment in this case. Jones, Mortg. §§ 461, 600, 19. The delay in serving the writ postponed the lien in favor of Lewis. Waples, Attach. 282–3; 27 L. R. A 374. Neither the issuance nor service of an attachment affects prior rights or equities. 52 Ark. 252. Further, on the effect of delay upon the attachment lien, see: Drake, Attach. §§ 194, 236, 262; 27 L. R. A. 374.

WOOD, J. The Bruce-Beine Hat Company, on August 8, 1891, had an attachment issued from the circuit court of Arkansas county against one Quertermous, and it is alleged that the same was levied on certain real estate August 14, 1891. On September 19, 1891, a judgment *in personam* was rendered against Quertermous, and execution stayed until January 1, 1892, when an execution was issued, and the lands sold by the sheriff February 20, 1892, when the Bruce-Beine Hat Company, receipted the sheriff in full for the full amount of the claim. On September 19, 1892—nearly seven months ᶠthereafter—the attachment was sustained, but it does not appear that there was any order of sale under said attachment, or that there was any sale made. And, this being the case, of course it does not appear that any deed was made and approved and confirmed by the court. Appellant claims under the judgment.

On August 1, 1891, Quertermous executed a mortgage on the same lands mentioned *supra* to one Alva Lewis. The mortgage was filed for record August 11th, 1891. This mortgage was afterwards foreclosed. Appellees claim under the mortgage, and this controversy between appellant and appellees is to determine who has the title. It appears, therefore, that the lien of the attachment was not followed up, and title perfected under it, by a sale of the land under the attachment by order of the court, and by having the sale reported to and confirmed by the court. *Freeman* v. *Watkins*, 52 Ark. 446. The pleadings and proof justify the conclusion that the lien of the attachment was

abandoned, and that the Bruce-Beine Hat Company, the original judgment creditor, chose to rely upon the lien of the judgment and the sale and deed made under the same. It is clear that the mortgage was prior to the judgment lien, and that those claiming under it, as against one claiming under the judgment, have the superior title.

The decree of the circuit court is therefore correct. We need not go into other questions.