## CHURCH v. GALLIC.

### Opinion delivered May 27, 1905.

1. INJUNCTION AGAINST JUDGMENT—LOSS OF RIGHT OF APPEAL.—A complaint which seeks to enjoin the enforcement of a judgment at law on the ground that the right of appeal from such judgment was lost by unavoidable accident is defective on demurrer if it fails to allege that the judgment was unjust and inequitable. (Page 509.)

2. SAME—JUDGMENT AGAINST MARRIED WOMAN.—An allegation, in a complaint in equity to enjoin a judgment at law, that the judgment defendant was a married woman at the time the suit at law was filed against her, and that her husband was not made a party to such suit, presents no ground for relief in equity. (Page 509.)

Appeal from Garland Chancery Court.

ALPHONSO CURL, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This was a bill to enjoin the execution of a writ of possession issued upon a judgment rendered against the appellant, in

---

favor of the appellee, Gus Gallic, in the Garland Circuit Court, and to compel the appellee to submit to a new trial. The writ of possession was issued upon a judgment rendered in a suit in ejectment for the possession of the land, the title to which is being litigated in case No. 5254 now pending in this court on appeal.

The complaint alleged that the said Gus Gallic, on the 5th day of May, 1902, filed a complaint at law against the appellant for the possession of certain land therein described, and made a copy of the complaint at law an exhibit to her complaint. That the appellant answered said complaint, and that, upon a trial of the cause, judgment was rendered against the appellant for possession of the property. That in due time appellant filed a motion for a new trial, which was overruled, and that she saved her exceptions, and prayed an appeal to this court, which was granted, and the appellant given until the 3d day of August, 1903, to tender and file her bill of exceptions. That the appellant lost her right of appeal from said judgment, which was unjust and inequitable, by the loss of the bill of exceptions, an accident unavoidable on her part. That the appellant was at the time said suit at law was filed against her, and had ever since been, a married woman,. and that her husband was not made a party to said suit. That the appellee, Gus Gallic, had caused a writ of possession to be issued against the appellant, Mahala Church, upon said judgment, and that the appellee, R. L. Williams, as sheriff, was threatening to eject her from said premises.

The prayer was for an injunction, and for the judgment at law to be annulled, .or that appellee be required to submit to a new trial, and for other and further relief.

The appellee filed a demurrer and answer.

In his answer he denied that appellant filed a motion for a new trial, and denied all of the allegations as to the time given in which to file a bill of exceptions and the loss of same, and alleged negligence in the appellant.

*James E. Hogue,* for appellants.

The copy of the will introduced in evidence was incompetent. 2 Green. Ev. 649; 31 Ark. 175; Sand. & H. Dig. § § 7390,

7392, 7413, 7414, 7425, 7430; 1 Greenleaf, Ev. 659; 29 Ark. 418. Instruction No. 1, refused by the court, stated the law, and it was error to refuse to give it. 69 Ark. 562; 16 Ark. 122. The court had no jurisdiction. 66 Ark. 113; 64 Ark. 381; 62 Ark. 146; 44 Ark. 401; 23 Ark. 508; Sand. & H. Dig. § § 4940. 4946, 5641.

WOOD, J., (after stating the facts.) The complaint was defective. It did not state a cause of action.

The general allegation that appellant lost her right of appeal by the loss of a bill of exceptions, an accident unavoidable on her part, states no ground for equitable interposition, under *Kansas & Arkansas Valley Ry. Co.* v. *Fitzhugh*, 61 Ark. 341. This defect in statement, however, might have been reached by motion to make more specific.

But the complaint, even if treated as sufficient on demurrer in this particular, did not state any ground for relief on the merits. The fact that appellant was a married woman at the time a suit a law was filed against her, and that her husband was not made a party to such suit at law, presents no reason whatever why a judgment should not have been rendered against her at law, and no reason for the intervention of chancery to prevent the enforcement of such judgment.

It does not appear that the demurrer was insisted upon in the lower court. The cause was heard by the chancellor upon depositions concerning the failure to obtain bill of exceptions.

The testimony of the circuit judge before whom the case at law was tried shows conclusively that appellant was entitled to no relief under the rule announced by this court in *Kansas & Arkansas Valley Ry. Co.* v. *Fitzhugh, supra*, "that when a party who is himself free from fault, and against whom an unjust and inequitable judgment has been rendered, has lost his right of appeal by unavoidable accident, a court of equity in this State has the power to grant relief."

No unavoidable accident and no unjust and inquitable judgment were shown.

The decree of the chancellor dismissing appellant's bill is therefore affirmed.