## JENKINS *v.* JENKINS.

### Opinion delivered April 16, 1906.

APPEAL—RIGHT TO PROSECUTE—RES JUDICATA.—An appellee may plead that since the appeal was taken it has been adjudged in a court of competent jurisdiction that appellant has no cause of action against appellee. *Church* v. *Gallic,* 76 Ark. 423, followed.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; appeal dismissed.

*S. M. Taylor,* for appellant; *White & Altheimer, amici curiae.*

1. The court shall hear and determine all demands presented for allowance, in a summary manner, without the forms of pleadings, and in taking testimony shall be governed by the rules of law in such cases made and provided. Kirby's Digest, § 127. It can adopt any method appropriate for arriving at the merits of the case. 33 Ark. 661. The administrator may prove the credit to which the estate is entitled in the account between

himself and the claimant, and the court may adjust the same and ascertain the balance. *Ib.* 662. See also 14 Ark. 182.

2. If the court had jurisdiction to determine questions of setoff or counterclaim of the estate against the claimant, the administrator was given no opportunity to file the same. The claim, as passed upon by the administrator, was not an allowance for probate against the estate, but the sum mentioned was only to be credited upon the amount due from claimant to the estate. The court was without jurisdiction to allow it as a claim against the estate without giving the administrator an opportunity to be heard in defense against it.

3. The court's holding that the words, "which should be credited on an indebtedness due the estate by N. T. Jenkins," were surplusage, and constituted no contract that the amount should be so credited, is in conflict with the evidence. If a written instrument is signed by one party and delivered to another, the latter may bind himself as fully by accepting the delivery as if he had attached his signature to the writing. 7 Am. & Eng. Enc. Law (2 Ed.), 142, and cases cited; 30 Ark. 186.

*Bridges & Wooldridge,* for appellee.

1. A court of competent jurisdiction having held, in a subsequent action prosecuted by the administrator against the appellee upon the same account involved in this appeal, that the appellee herein did not owe the account, and the administrator having failed to appeal from that judgment, he has therefore lost the right to further prosecute this appeal, and the same should be dismissed. Kirby's Digest, § § 1227, 1228; 55 Ark. 633; 53 Ark. 515; 75 Ark. 507.

2. Whether or not the appellee agreed that the amount allowed by the administrator should be placed as a credit upon an indebtedness due from him to the estate was a question of fact submitted to the court sitting as a jury. Its finding will not be disturbed. 60 Ark. 258; 68 Ark. 83.

3. The probate court had no jurisdiction to try the account that the administrator claimed was due to the estate from N. T. Jenkins. The administrator could not plead it as a setoff in the probate court. 44 Ark. 423; 55 Ark. 22; 57 Ark. 301; 67 Ark. 522; 52 Ark. 76; 47 Ark. 317.

McCULLOCH, J. Appellee, N. T. Jenkins, presented to appellant, P. G. Jenkins, as administrator of the estate of P. N. Vaugine, deceased, for allowance a claim of $1,168.33 against said estate.

The administrator made the following indorsement upon the claim:

"Seven hundred and eighty-eight dollars and thirty-three cents of this claim is allowed as a fourth-class claim, which should be credited on an indebtedness due estate by N. T. Jenkins. The balance of the claim is refused.

"May 11, 1900.

"P. G. JENKINS, Administrator."

Appellee thereupon filed his claim, with said indorsement thereon, in the Probate Court of Jefferson County, and the same was by said court duly allowed in the sum of $788.33 as a claim against said estate, and classed on the fourth-class.

Subsequently the administrator appeared, and took an appeal to the circuit court from said judgment of allowance, and on a trial *de novo* in the circuit court the claim was again allowed, and the administrator appealed to this court.

It is not denied that the estate of Vaugine is indebted to appellee in said sum of $788.33, but appellant set up, by way of defense, that appellee was justly indebted to said decedent in the sum of $1,746.93 on open account, and that appellee's claim should be credited on that indebtedness, and should not be allowed as a claim against the estate. He introduced testimony, tending to show that appellee was indebted to said decedent in said sum.

The circuit court decided that neither that court on appeal, nor the probate court, had jurisdiction to adjudicate the disputed setoff pleaded by the administrator against the claim of appellee; that the addition by the administrator of the words "which should be credited on an indebtedness due the estate by N. T. Jenkins" to his indorsement allowing the claim of appellee was mere surplusage, and constituted no contract between the parties that the amount of said allowance should be so credited; and that, under the law and evidence in the case, appellee was entitled to a judgment allowing his said claim.

The correctness of this ruling of the circuit court is challenged by this appeal.

Subsequent to the rendition of this judgment by the circuit court and the appeal to this court, the administrator brought another suit in the circuit court of Jefferson County against the appellee herein to recover the amount of the alleged indebtedness of $1,746.93 which he had attempted to assert by way of setoff in the other suit, and the defendant (appellee herein) pleaded (1) that he had never been indebted to said decedent; (2) that he had paid all his indebtedness to decedent during the lifetime of the latter, and (3) that the alleged indebtedness was barred by the statute of limitation. That cause was tried by the court, sitting as a jury, and the court, after hearing the evidence, found that the defendant (appellee herein) had paid all his indebtedness to said decedent during the lifetime of the latter, and was not then indebted in any sum to said estate, and rendered judgment in favor of said defendant, which judgment has not been appealed from. Appellee now files here a transcript of the record of that case, and pleads that judgment in bar of appellant's right to further prosecute this appeal.

The sole question to be determined is whether or not the estate of Vaugine has a cause of action against appellee for indebtedness on account which may he setoff against appellee's claim against the estate. It has been adjudged in the suit subsequently brought in the circuit court that the estate has no cause cf action against appellee. That adjudication is conclusive against appellant, and bars the further prosecution of his appeal. *Church* v. *Gallic,* 75 Ark. 507.

It was a final adjudication of the only question which is sought to be determined by this appeal.

The appeal is therefore dismissed.