QUELLMALZ LUMBER & MANUFACTURING COMPANY v. DAY.

Opinion delivered February 18, 1918.

1. DEEDS—DELIVERY—MANUAL DELIVERY.—Manual delivery of a deed by the grantor and a formal acceptance by the grantee is not necessary to constitute a delivery of an instrument in law; the delivery is sufficient if it is manifest that the grantor intended to part with the deed as an effective conveyance.

2. DEEDS—DELIVERY—EFFECT OF RECORD.—The act of recording a deed raises a *prima facie* presumption of delivery which can not be overthrown by other than clear and convincing evidence.

3. DEEDS—DELIVERY—INTENTION AND ACTS OF THE PARTIES.—A father deeded land to his minor son whom he was providing for and educating. The deed was recorded but never manually delivered to the son. *Held,* the facts tending to establish a delivery of the deed to the son were not overthrown by proof that the father remained in possession of and controlled the land until the son reached the age of nineteen years, and that he conveyed the timber thereon, afterwards accounting for the same.

4. FRAUDULENT CONVEYANCES—EXISTING AND SUBSEQUENT CREDITORS—VOLUNTARY CONVEYANCE.—In order for a subsequent creditor to secure the avoidance of a voluntary conveyance, an intention to defraud existing or subsequent creditors must be proved by the facts and circumstances surrounding the transactions; the time elapsing between the date of the conveyance and creation of the debt may be considered in connection with the other circumstances in proof to ascertain whether a voluntary conveyance injured or defrauded a subsequent creditor or creditors. Existing creditors may be denied relief if they delay too long.

Appeal from Clay Circuit Court, Western District; R. H. Dudley, Judge; appeal dismissed.

C. T. Bloodworth, for appellant.

1. Argues the merits of the suit submitting that replevin did not lie for property seized under a valid

judgment and sold under a valid order of sale. 94 Ark. 384; Kirby & Castle's Digest, § 8426.

2. The court erred in the admission and exclusion of testimony.

3. There was error in the instructions. The property was legally sold and reported and the sale confirmed. 64 Ark. 96; 90 *Id.* 166; 82 *Id.* 414; 77 *Id.* 216; 24 Cyc. 72 E.; 35 Ark. 445.

4. The verdict is contrary to the law and the evidence.

*G. B. Oliver,* for appellee.

1. Argues the merits of the cause, citing many authorities.

2. The appeal should be dismissed. The sale was set aside and no appeal was taken. The judgment is final. Kirby's Digest, § 1227; 106 Ark. 292; 53 *Id.* 514; 76 *Id.* 507; 78 *Id.* 388, etc.

HART, J. T. E. Day sued the Henry Quellmalz Lumber & Manufacturing Company in replevin to recover forty-two stacks of lumber containing about 95,000 feet and alleged to be of the value of $1,000.00. The Lumber & Manufacturing Company defended on the ground that it had bought the lumber at an attachment sale made after the attachment of the lumber had been sustained and judgment had been rendered against Day in favor of the Federal Lumber Company. The material facts are as follows:

In the fall of 1914, the Federal Lumber Company sued T. E. Day on an account and had an attachment issued on the ground that Day was a non-resident of the State of Arkansas. The attachment was levied on the lumber in controversy which was stacked on his mill yard. In December, 1914, Day was in the State of Arkansas and the Federal Lumber Company obtained personal service upon him. The Federal Lumber Company obtained judgment against Day for the amount sued for and the attachment was sustained. The lumber in con-

troversy was advertised to be sold under the attachment on the 12th day of February, 1915.

According to the testimony of Day, on the Saturday before the sale was to occur, he arranged with the attorney of the Federal Lumber Company to draw a draft on him for the balance of the judgment against him and to stop the sale. Thinking this arrangement would be carried out, he paid no further attention to the matter and was not present on the day of the sale. The Federal Lumber Company proceeded with the sale on the 12th day of February, 1915, and the Henry Quellmalz Lumber & Manufacturing Company became the purchaser of the lumber at the sale, for the sum of $214.00. This amount was immediately paid to the constable who turned the property over to the defendant in this action. On Monday the 15th of February, 1915, the defendant began to move the property. On the 16th day of February, 1915, Day instituted this action in replevin to recover the lumber. A forthcoming bond was given by the defendant and it retained possession of the lumber and sold it. A report of sale was filed in the justice court on March 20, 1915, and on the same day Day filed his exceptions to the report which were overruled by the court and the sale approved. On March 25, 1915, Day filed an affidavit for appeal. His appeal was granted and the transcript lodged in the circuit court on the 27th day of March, 1915. The defendant adduced evidence in the court below to show that the agent of Day knew that the sale was to take place on the day advertised and invited it to bid at the sale. There was a trial before a jury and a verdict was rendered in favor of Day for the 100,000 feet of lumber sued for and its value fixed at $602.40, after deducting the amount paid by the defendant at the sale. Judgment was rendered in favor of the plaintiff against the defendant for this amount on the 3d day of April, 1917, which was the 2nd day of the term. On September 24, 1917, the defendant prayed an appeal to the Supreme Court which was granted by the clerk of the court. On the 26th day of November, 1917, the appellee filed a

motion under Section 1227 of Kirby's Digest to dismiss the appeal on the ground that the appellant's right of further prosecuting the sale had ceased. In support of his motion the appellee introduced a certified copy of the circuit court order sustaining his exceptions to the report of the sale of the lumber and ordering that the sale be set aside and held for naught. This judgment of the circuit court was rendered on the 11th day of April, 1917, being the 9th day of the April term. No appeal was taken from that order. A consideration of the motion was deferred by this court until the case on appeal was ready for hearing.

Counsel for appellant in his brief has not questioned the finding of the jury on the value of the lumber in controversy but seeks to reverse the judgment on the ground that the sale under which it purchasd was a valid one.

(1) It becomes our duty first to dispose of the motion to dismiss the appeal. Under Section 1227 of Kirby's Digest evidence of facts outside the record, occurring after the rendition of the judgment, and showing that appellant's further right of prosecuting an appeal has ceased, may be received and considered by this court on a motion to dismiss an appeal. *Hopson* v. *Frierson,* 106 Ark. 292; *Bollen* v. *Cumby,* 53 Ark. 514.

(2-4) It will be remembered that the judgment in the present case was rendered on the 3d day of April, 1917, and that the judgment sustaining exceptions to the sale of the lumber under the order from the justice of the peace and setting the sale aside was made on the 11th day of April, 1917. No appeal has been taken from that order. The sole question to be determined in this appeal is as to whether or not the lumber belongs to Day. Adjudication of the question was settled against the appellant by the order setting aside the sale of the lumber which was rendered subsequent to the judgment in the present case. That adjudication is conclusive against the appellant and bars the further prosecution of his appeal. It was a final adjudication of the only question which is sought to be determined by this appeal. *Church*

v. *Gallic,* 75 Ark. 507; *Jenkins* v. *Jenkins,* 78 Ark. 388. But it is insisted that appellant was not a party to that proceeding and is not bound by it. The appellant became a party to that proceeding when he purchased the lumber at the sale. *Porter, Taylor & Co.* v. *Hanson et al.,* 36 Ark. 591; and *Miller* v. *Henry,* 105 Ark. 261. Attachment sales are by the terms of our statutes subject to confirmation by the court. Kirby's Digest, Sec. 385. The contract of sale is not complete until the bid of the purchaser is accepted by the court, and until acceptance there can be no enforcement of the contract by either party. *Freeman* v. *Watkins,* 52 Ark. 446; *Kenady* v. *Gilkey,* 81 Ark. 147, and *Miller* v. *Henry,* 105 Ark. 261. Therefore, the appellant became a party to the attachment proceedings when it purchased the lumber under the attachment sale. The fact that the costs of the litigation will fall upon the appellant does not afford a sufficient reason why the court should decide the questions raised by the appeal. It is not the policy of our law with respect to litigated cases to decide questions which have ceased to be an issue by reason of facts having intervened rendering their decision of no practical application to the controversy between the litigants. *Pearson* v. *Quinn,* 113 Ark. 24; *Tabor* v. *Hipp,* 136 Ga. 123, Ann. Cases, 1912, C. 246.

It follows, therefore, that the appellant's right of further prosecuting the appeal in this case has ceased. It will therefore be dismissed. It is so ordered.