### HARRIS v. HARRIS.

#### Opinion delivered February 16, 1920.

DIVORCE—CONCLUSIVENESS OF DECREE—DISMISSAL OF APPEAL.—Where both parties asked relief in a divorce suit, and the court denied relief to either, without prejudice to a further action, whereupon the husband appealed, and the wife was granted a divorce in another action subsequently begun, the appeal will be dismissed; for, while the pendency of the appeal would have been a bar to the second action if pleaded, the husband, having allowed the same to become final, can not proceed with his appeal.

Appeal from Hot Spring Chancery Court; *Jethro P. Henderson,* Chancellor; appeal dismissed.

*Robert J. White,* for appellant.

The statutory grounds of divorce, desertion and indignities such as to render condition intolerable, must be proven by a fair preponderance of the testimony. 90 Ark. 40; 97 *Id.* 125; 170 S. W. 485; 104 Ark. 385; 105 *Id.* 194; *Blue* v. *Blue,* 174 S. W. 237. The court had jurisdiction to grant the divorce on the cross-complaint. Kirby's Digest, § 2674. Defendant had the right to proceed by cross-bill to obtain affirmative relief. 14 Cyc. 672; 90 Ark. 16; 94 *Id.* 458; Kirby's Digest, § 6088. The complaint having been filed and defendant summoned to answer, the court obtained jurisdiction, and, once having obtained it, retained it for all purposes, and should grant defendant the relief he was entitled to under his cross-bill and the proof. 137 U. S. 171; 48 Ark. 316; 14 *Id.* 356. The original bill and the cross-bill are but one cause (3 Daniel's Chy. Pl. 1943; 3 Ark. 312; 7 Johns. Chy. 252), and it can not be material from what source jurisdiction arose, provided it existed. 46 Ark. 102; 29 *Id.* 612; 7 Howard 660; 81 Ark. 163; 14 *Id.* 345; 19

*Id.* 139; 22 *Id.* 103; 24 *Id.* 431; 29 *Id.* 612; 46 *Id.* 96; 48 *Id.* 312; 56 *Id.* 93; 48 *Id.* 544; 33 *Id.* 328; 100 *Id.* 28; 31 L. R. A. 160. Appellant was entitled to a divorce on the grounds of desertion, which was fully established by the proof. 76 Ark. 28; 90 *Id.* 16; 94 *Id.* 438; 102 *Id.* 679.

Defendant was entitled to the care and custody of the child as soon as it was old enough not to require the special care of the mother. Kirby's Dig., § 3757; 32 Ark. 92; 30 *Id.* 287.

*D. D. Glover,* for appellee.

The court was right in its findings and in granting appellee a divorce and custody of the child, and defendant did not appeal from the decree in the second suit filed by appellee.

SMITH, J. Mrs. Irene Harris brought this suit in Hot Spring County, the county of her residence, against her husband, who resided in Logan County, for divorce. In her complaint she asked a divorce on account of cruel and inhuman conduct on the part of her husband, rendering her condition as his wife intolerable, and also alleged desertion. She asked the custody of their infant child and an allowance for its support. Harris filed an answer, denying the allegations of his wife's complaint, and by way of cross-complaint alleged that his wife, without cause, had deserted him, and prayed a divorce on that account.

The court made no finding on plaintiff's allegation of intolerable treatment, but did find that she was not entitled to a divorce for desertion for the reason that the parties had not been separated for a year at the time of filing the complaint. The separation had continued for more than a year, however, when the cross-complaint was filed, but relief was denied cross-complainant for the reason that he was not a resident of Hot Spring County, and that the court, therefore, had no jurisdiction of his cross-complaint. Both the complaint and the cross-complaint were dismissed, but without prejudice to any future action which either party might thereafter commence.

The court, however, awarded the custody of the child
to its mother, and made an allowance of $12 per month
against the father for its support.   This action of the
court in regard to the custody of the child and the allow-
ance for its support is, of course, subject to future review
in an appropriate action.   Harris concedes that the al-
lowance is reasonable, and makes no complaint against
it, and on account of the tender age of the child, it being
only about a year old, he does not object that its mother
has been awarded its custody, subject to his right to visit
the child at all reasonable times, a right which, of course,
he has and one not denied him by the decree below.

Cross-complainant has appealed, however, from the
action of the court below refusing him a divorce, and now
insists that the testimony shows his wife deserted him
wilfully and without cause, and that the desertion had
continued for more than one year at the time he filed his
cross-complaint, and that the court was in error in dis-
missing his cross-complaint for the want of jurisdiction.

It appears, however, from a certified copy of a de-
cree rendered in a suit between the parties to this litiga-
tion that upon the rendition of the decree herein appealed
from Mrs. Harris brought another suit against her hus-
band, which proceeded to a hearing and final decree,
wherein she was awarded a divorce and the custody of
the child and an allowance of $12 per month for its sup-
port, which decree, in reference to the custody of the
child and allowance for its support, was properly made
subject to the future orders of that court "or some other
court having competent jurisdiction."

The decree in this second suit is conclusive of the
rights of the parties on this appeal.   It is true the pend-
ency of this appeal could have been pleaded in bar of
the prosecution of that suit, but that was not done.   This
second suit was apparently ignored, notwithstanding the
court in which it was pending had jurisdiction of the par-
ties and of the subject-matter, and the issue now pre-
sented to us has been there decided.   As was said in the
case of *Church* v. *Gallic*, 76 Ark. 423, "The pendency of

the first action might have been pleaded in the second suit in bar of the right to maintain the same, but, if not pleaded, or if, after the plea is amended, judgment upon the merits of the controversy in the second suit is allowed to become final, it is a bar to further prosecution of the first suit." -See, also, *Jenkins* v. *Jenkins,* 78 Ark. 388; *Hollingsworth* v. *McAndrew,* 79 Ark. 185; *Quellmalz Lbr. & Mfg. Co.* v. *Day,* 132 Ark. 469; *Sallee* v. *Bank of Corning,* 134 Ark. 109.

Having suffered a decree to be rendered against him in this second bill which is decisive of the questions here raised, his right to prosecute this appeal has on that account ceased, and the same must be dismissed. It is so ordered.