Huff v. Freeman.

Opinion delivered March 10, 1930.

*David L. King,* for appellant.

*Smith & Blackford,* for appellee.

McHANEY, J. The school directors of School District No. 3, in the southern district of Sharp County, entered into a contract with Clayton Nicholson to teach the school in said district for a period of three months, beginning July 8, 1929, at a salary of $60 per month. Nicholson is related to one or more of the directors within the fourth degree of consanguinity or affinity. He presented a petition to the directors, purporting to be signed by the patrons of the district, in an effort to comply with § 9029, C. & M. Digest, which prohibits the employment of any person as teacher within that degree of relationship, unless two-thirds of the patrons shall petition them to do so. Appellants opposed his employment by the directors, and brought this suit to enjoin the appellees, who are the directors, and the teacher from carrying out such contract, alleging that the petition presented to the directors did not contain two-thirds of the patrons of the district. The case was tried before the chancellor, and a decree entered on August 8, 1929, denying the prayer of the petitioners, and dismissing the petition for want of equity.

The record discloses that Professor Nicholson began teaching the school on July 8, 1929, and the presumption is, although not definitely shown in the record, that he carried out the terms of his contract with the district by teaching the school for three months, and was paid his salary as stipulated in the contract. No bond was given at the time the suit was filed, and the judgment of the chancery court has not been superseded on appeal. It

appears, therefore, nothing can be accomplished by this appeal, and that the questions presented have become moot. This court will not decide questions which have ceased to be an issue by reason of facts having intervened, rendering their decisions of no practical application to the controversy between the litigants, though the dismissal of the appeal would leave the costs of the litigation on the appellant. *Henry Quellmalz Lumber & Mfg. Co.* v. *Day,* 132 Ark. 469, 201 S. W. 125. In *Kays* v. *Boyd,* 145 Ark. 303, 224 S. W. 617, it was held that it was the duty of this court to decide actual controversies by judgment which can be carried into effect, and not to give opinions on abstract propositions, or to declare principles of law which cannot affect the matter in issue in the case at bar.

A decision of the questions raised in the brief of appellant would be of no practical importance to the parties since the contract to teach the school has been fully executed, and we therefore decline to decide them. The appeal will therefore be dismissed.