NETHERTON *v.* BALDOR ELECTRIC CO.

5-2257                                                    341 S. W. 2d 57

Opinion delivered December 19, 1960.

*Sam Sexton, Jr.,* and *Edwin E. Dunaway,* for appellant.

*Bethell & Pearce,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal must be dismissed because the case is now moot.

On July 25, 1960 the employees of Baldor Electric Company (represented by Local Union No. 700 IBEW) went on strike; and the Baldor plant was picketed. When Baldor rented office space in the First National Bank Building in Fort Smith and undertook an employment campaign, the bank building was picketed. On August 11, 1960 the First National Bank of Fort Smith applied to the Sebastian Chancery Court and obtained an injunction against the picketing of the bank building. On the same day Baldor Electric Company applied to the Sebastian Chancery Court and obtained an injunction which, under certain circumstances, enjoined picketing at the Baldor plant. The defendants in the two chancery cases were the officers and representatives of the Local Union whose members were on strike; and they are the appellants in this Court. From the order of the Sebastian Chancery Court granting a temporary injunction in each of the cases, there were immediate appeals to this Court; and on August 12, 1960, while the Court was in recess, one of the Justices made an order which stayed in whole or in part the Chancery Court injunctions until the cases could be heard by the entire Court. On September 12, 1960, this Court, being reconvened, entered an order continuing the temporary stay until the causes were reached on the merits; and that time has now arrived.

But since the appeal to this Court on August 12, 1960 events have transpired which render this appeal moot. On September 5, 1960, by stipulation of all parties, the appeal of the First National Bank was dismissed; and now, upon submission of the Baldor Electric case, it is conceded that the strike has been settled. The appellant's brief contains the following paragraph:

"While this case was pending on appeal the labor dispute existing between Baldor Electric Company and the members of Local Union No. 700 terminated and the pickets have been voluntarily withdrawn from the employer's premises."

The quoted statement is not denied; so our holding in *Local Union No. 656 v. Mo. Pac. R. R. Co.*, 221 Ark. 509, 254 S. W. 2d 62, is ruling here. In that case there was an injunction against picketing in a labor dispute and while the appeal was pending in this Court the strike was settled. In dismissing the appeal as moot, we said:

"It is alleged, and the appellants concede, that the strike against Dixie Cup has now been settled. Thus there is no longer any occasion for picketing or any controversy between the parties to this appeal. In these circumstances neither an affirmance nor a reversal of the decree would have any practical effect except as it might affect the matter of court costs, which is not alone a sufficient issue to call for a decision in an otherwise moot case. *Quellmalz Lbr. & Mfg. Co. v. Day*, 132 Ark. 469, 201 S. W. 125. We think the case at bar falls within the rule announced in *Kays v. Boyd*, 145 Ark. 303, 224 S. W. 617: 'It is the duty of this court to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon abstract propositions or to declare principles of law which cannot affect the matter in issue in the case at bar.' "

It, therefore, follows that this case has become moot and the orders heretofore made are set aside, and the appeal is dismissed at the cost of the appellants.