Winston BRYANT, Attorney General *v.*
ARKANSAS PUBLIC SERVICE COMMISSION

CA 93-210                                                870 S.W.2d 775

Court of Appeals of Arkansas
Opinion delivered February 23, 1994

*Winston Bryant*, Att'y Gen., by: *Suzanne Autley*, Asst. Att'y Gen., for appellant.

*George Vena*, for appellee PSC.

*Gary Wann*, for appellee Southwestern Bell.

PER CURIAM. The Arkansas Public Service Commission (Commission) and Southwestern Bell Telephone Company (Southwestern Bell) filed a joint motion with this court to dismiss the Attorney General's appeal of Order No. 4 of the Arkansas Public Service Commission. In Order No. 4, the Commission held that it was in the public interest to allow Southwestern Bell to offer Caller-ID service in the Arkadelphia and West Memphis

areas for a one-year trial period. The Commission also ordered Southwestern Bell to take affirmative action prior to the expiration of the trial period to either continue or discontinue the Caller-ID service. The Attorney General appealed from this order, contending the Commission's establishment of a one-year trial period for Caller-ID service was not supported by substantial evidence. Subsequent to the filing of the Attorney General's appeal, the Commission by an order in another docket approved permanent Caller-ID service, and the one-year trial period expired. As a result of these occurrences, the Commission and Southwestern Bell have moved to dismiss the Attorney General's appeal of Order No. 4, contending that his appeal is now moot. We agree.

■ The only action the Commission took in Order No. 4 was to establish a one-year trial period for Caller-ID service. That trial period has now expired, and therefore, any rulings this Court might make in regard to Order No. 4 would have no effect. It is the duty of the court to decide actual controversies by a judgment which can be carried into effect and not give opinions upon abstract propositions or declare principles of law which cannot affect the matter in issue. *Netherton* v. *Baldor Electric Co.*, 232 Ark. 940, 942, 341 S.W.2d 57 (1960). An issue is moot when it has no legal effect on an existing controversy; *Killam* v. *Texas Oil and Gas Corp.*, 303 Ark. 547, 556-57, 798 S.W.2d 419 (1990); it is one in which a decision of the court on appeal could not afford the appellant any relief. *Dotson* v. *Ritchie*, 211 Ark. 789, 795, 202 S.W.2d 603 (1947).

■ We also note that, in earlier pleadings filed in this appeal, the Attorney General stated that his appeal would be moot at the end of the trial period. A party litigant is bound by his own pleadings and cannot maintain a position inconsistent therewith. *International Harvester Co.* v. *Burks Motor, Inc.*, 252 Ark. 816, 821, 481 S.W.2d 351 (1972).

■ Accordingly, the joint motion of the Commission and Southwestern Bell is granted, and the appeal of the Attorney General is dismissed.