Winston BRYANT, Attorney General
of the State of Arkansas *v.*
ARKANSAS PUBLIC SERVICE COMMISSION

CA 97-159                                    969 S.W.2d 203

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 27, 1998

*Winston Bryant*, Att'y Gen., by: *M. Shawn McMurray*, Deputy Att'y Gen., and *Ralph M. Spory, Jr.*, Asst. Att'y Gen., for appellant.

*Beverly Hood Jones*, for appellee Arkansas Public Service Commission.

*Jeffrey L. Dangeau*, for appellee Arkansas Western Gas Company.

WENDELL L. GRIFFEN, Judge. This appeal is brought by the Attorney General of the State of Arkansas from Order No. 11 entered by the Arkansas Public Service Commission (Commission). In Order No. 11, the Commission adopted a stipulation that provided for a rate increase to Arkansas Western Gas Company (AWG) and ordered an investigation into AWG's inter-company cost allocation procedures. On appeal to this court, appellant argues that Order No. 11 does not include sufficient detail and findings of fact to enable this court to determine how the Commission arrived at its decision; that the Commission's decision is

inconsistent, arbitrary, capricious, and not supported by substantial evidence; and that the Commission shifted the burden of proof in a rate case to the opponent. Because we agree with appellant's first argument, we reverse and remand.

On January 30, 1996, AWG filed an application with the Commission to increase its rates by $7,283,161. A hearing was set, and testimony was filed in response to AWG's application. Northwest Arkansas Gas Consumers (NWAGC) recommended a $3.4 million reduction in AWG's proposed revenue requirement. The Staff of the Commission (Staff) recommended a $3.9 million reduction in AWG's request but later revised its recommendation to $4.4 million. Appellant argued that AWG was collecting $1.184 million in excess revenue and recommended that the Commission freeze AWG's rates at present levels until a proper cost methodology system was in place.

In examining AWG's rate request, appellant questioned the procedures used by Southwestern Energy Company (SWN), AWG's parent company, to allocate costs to AWG.[1] Specifically, he contended that the three-factor method of allocation used by SWN to allocate common and overhead costs among its subsidiaries was not being properly applied. He pointed out that some of SWN's unregulated subsidiaries were shown as having no employees; whereas, AWG had an unusually high number of employees compared with other gas distribution companies of similar size and revenue. Appellant also questioned AWG's executive compensation levels. He contended that they were much greater than those of comparable utilities, further noting that the president/CEO of SWN is paid $760,000 in cash compensation and that $479,000 of that expense is allocated to AWG. He concluded that when the improper costs allocated to AWG are corrected, the figures demonstrate that AWG is earning revenue in excess of its expenses and is not entitled to a rate increase.

---

[1] AWG is a subsidiary of Southwestern Energy Company. In 1988, AWG was merged with Associated Natural Gas Company (ANG), another regulated subsidiary of SWN, but AWG has continued to operate as a separate division with separate rates and tariffs, and its rate application includes rates and tariffs only for the AWG division. Southwestern Energy Production Company (SEPCO) and SEECO, Inc., are two unregulated subsidiaries of SWN that are involved in oil and gas production.

Prior to the scheduled hearing before the Commission, AWG, Staff, Southwestern Electric Power Company, NWAGC, and appellant began settlement negotiations, which resulted in a settlement agreement referred to as the Joint Proposed Stipulation (Stipulation). The Stipulation proposed that the Commission find a revenue deficiency of $5,071,064 but left the issues raised by appellant, concerning inter-company allocation methodology, executive compensation, and staffing levels, to be decided by the Commission. In this regard, the Stipulation provided:

A. Subject to the resolution of the remaining issues by the Commission, the terms of this Stipulation are set out below.

. . . .

14. All other issues have been resolved, ("the Settled Issues") with the exception of the differences between the Company and the AG regarding inter-company allocation methodology, executive compensation, and staffing levels.

. . . .

17. Neither this Stipulation, nor any of the provisions hereof, shall become effective unless and until the Commission shall have entered an order approving all the terms and provisions of this Stipulation without modification of condition.

. . . .

19. If this Stipulation is not accepted by the Commission in its entirety without any condition or modification, it shall be of no force and effect and will not be used in this or any other proceeding . . . .

B. Left unresolved by this Stipulation are differences between the other parties and the AG over the issues of inter-company allocation methodology, executive compensation, and staffing levels. The AG has contended, and continues to contend, that if these issues are resolved in the AG's favor, then the Company will not be entitled to any rate increase. To the extent, therefore, that the Commission resolves any of these issues in favor of the AG, the parties understand that this settlement will not become effective pursuant to paragraph 19 hereof.

A hearing was then held by the Commission regarding whether it should adopt the Stipulation. The majority of the testimony the Commission heard concerned the three issues contested by appellant. Appellant argued that the approval of any rate increase should be delayed pending the result of an independent study of

the reasonableness of the staffing levels, compensation levels, and the methods of allocation of the common overhead costs.

In November 1996, the Commission entered Order No. 11, which approved the Stipulation; however, it also ordered an independent study of the contested issues raised by appellant. The Commission ordered AWG, Staff, and other interested parties to jointly select an independent consulting firm to investigate the reasonableness of AWG's inter-company costs allocations, staffing levels, and executive compensation. It also required the consulting firm's report to be filed contemporaneously with AWG division's or ANG division's next rate application. Appellant petitioned for rehearing of Order No. 11, but its petition was denied by Order No. 14.

Appellant, for his first point on appeal to this court, argues that Order No. 11 is unlawful because the order does not include sufficient detail and findings of fact to enable the reviewing court to determine how the Commission arrived at its decision. Specifically, he contends that, although approval of the Stipulation was subject to the Commission's resolution of the contested issues and the Commission heard lengthy testimony concerning the contested issues, Order No. 11 does not contain any findings of fact deciding these issues.

The Commission made the following findings in Order No. 11:

> The Stipulation proposed a settlement revenue deficiency of $5,071,064 and *resolved all issues* with the exception of the differences between [AWG] and [appellant] regarding inter-company allocation methodology, executive compensation, and staffing levels. To the extent that the Commission decides any of the unresolved issues in favor of [appellant], the Stipulation provides that the settlement will not become effective. On July 17, 1996, a public hearing was held to hear evidence on the Stipulation and the unresolved issues.
>
> At issue before the Commission is whether the Stipulation reflects a revenue deficiency and resolution of tariff and rate issues which, based on the evidence presented, is fair and reasonable and in the public interest; or, whether the evidence presented by the [appellant] with regard to executive compensation, staffing

levels, and inter-company cost allocation procedures sufficiently casts a large enough shadow over AWG's Application and testimony to disallow any rate increase. The Commission finds that, although Dr. Ileo [appellant's witness] has presented information which certainly brings into question the appropriateness of AWG's current executive compensation, staffing levels, and inter-company cost allocation procedures, [appellant] has not presented substantial evidence to justify rejection of the Stipulation. Further, the Commission finds that the evidence of record substantially supports a finding that the Stipulation represents a fair and reasonable settlement of the issues in this case and is, therefore, in the public interest.

In light of the information presented by Dr. Ileo, however, the Commission finds that further investigation should be made into AWG's inter-company cost allocation procedures. The Commission, therefore, orders AWG to cooperate with Staff and the other parties to this docket to cause to be filed with the Commission, contemporaneously with its next rate increase request for either the AWG division or the ANG division, an independent study of its inter-company cost allocation procedures, staffing levels, and executive compensation as they impact the AWG and ANG divisions . . . ."

██ ██ Arkansas Code Annotated section 23-2-421(a) (1987) requires that: "[t]he Arkansas Public Service Commission's decision shall be in sufficient detail to enable any court in which any action of the commission is involved to determine the controverted question presented by the proceeding." On review, the appellate court must determine not whether the conclusions of the commission are supported by substantial evidence, but whether its findings of fact are so supported. *Arkansas Pub. Serv. Comm'n v. Continental Tel. Co.*, 262 Ark. 821, 829, 561 S.W.2d 645 (1978). The commission's finding must be in sufficient detail to enable the courts to make an adequate meaningful review; courts cannot perform the reviewing functions assigned to them in the absence of adequate and complete findings by the commission on all essential elements pertinent to a determination of a fair return. *Id.* As between conflicting statements, the commission must make findings to show which of the evidence it accepts as competent and worthy of belief and that which it rejects. *Aspen Airways, Inc. v. Public Util. Comm'n of Colo.*, 453 P.2d 789, 792

(Colo. 1969). This court must know what the findings of the commission are before they can be given conclusive weight. *See Bryant v. Arkansas Pub. Serv. Comm'n*, 45 Ark. App. 56, 63, 871 S.W.2d 414, 418 (1994). As we explained in our decision:

> [I]t must be possible for the reviewing court to measure the findings against the evidence from which they were educed. *Southwestern Bell Tel. Co. v. State Corp. Comm'n*, 192 Kan. 39, 386 P.2d 515, 524 (1963). In *Town of New Shoreham v. Rhode Island Public Utilities Commission*, 464 A.2d 730 (R.I. 1983), the Rhode Island Supreme Court stated:
>
> > This court does not sit as a factfinder; our role is "to determine whether the commission's decision and order are lawful and reasonable and whether its findings are fairly and substantially supported by legal evidence and substantially specific to enable us to ascertain if the facts upon which they are premised afford a reasonable basis for the result reached." *Rhode Island Consumers' Council v. Smith*, 111 R.I. at 277, [302 A.2d 757, 762 (1973)]. However, if the commission fails to set forth sufficiently the findings and the evidentiary basis upon which it rests its decision, we shall not speculate thereon or search the record for supporting evidence or reasons, nor shall we decide what is proper. Instead, we shall remand the case in order to provide the commission an opportunity to fulfill its obligations in a supplementary or additional decision. *Id.* at 278, 302 A.2d at 763.
>
> *Town of New Shoreham v. Rhode Island Pub. Util. Comm'n*, 464 A.2d at 732. See also *Petition of New England Tel. & Tel. Co.*, 115 Vt. 494, 66 A.2d 135 (1949), in which the Supreme Court of Vermont held that the requirement that the public service commission make its findings of fact imposes upon the commission the duty to sift the evidence and state the facts, and when the essential findings have not been made, the court is unable to act as factfinder but must instead remand the case for such findings.

*Bryant v. Arkansas Pub. Serv. Comm'n*, 45 Ark. App. at 64, 871 S.W.2d at 418.

AWG responds that the findings made by the Commission in Order No. 11 were sufficient to resolve the material issues on appeal. It states that Order No. 11 made a specific finding that appellant did not present sufficient evidence to justify rejection of

the Stipulation. It cites *Bryant v. Arkansas Public Service Commission*, 54 Ark. App. 157, 182, 924 S.W.2d 472, 486 (1996), for this court's holding that an administrative agency is not required to make findings of fact upon all items of evidence or issues, nor necessarily answer each and every contention raised by the parties.

In that case, we also held that the findings made by the Commission should be sufficient to resolve the material issues or those raised by the evidence which are relevant to the decision. Here, the Stipulation makes it clear that there are three specific issues that the Commission must decide in AWG's favor in order for the Stipulation to be considered. AWG admits in its brief that, "[i]f the Commission had resolved any of the Contested Issues in the [appellant's] favor, the Stipulation would not become effective." Nevertheless, Order No. 11 contains no mention of a finding regarding executive compensation, staffing levels, and inter-company cost allocation procedures, much less any discussion of the evidence the Commission considered and rejected in resolving the disputed issues, although voluminous testimony and exhibits were presented to the Commission by appellant and AWG concerning the contested issues.

We are unable to determine from the order what the Commission found concerning the reasonableness of AWG's inter-company costs allocation, its staffing levels, as well as its executive compensation. Although the Commission ordered the parties to jointly select an independent consulting firm to investigate these issues, we cannot determine from the order what evidence even justified a finding to support that order in the context of a future rate increase when the parties were involved in a controversy about a pending rate increase. Although Order No. 11 contains the Commission's finding that appellant failed to present "substantial evidence to justify rejection of the Stipulation" and that "the evidence of record substantially supports a finding that the Stipulation represents a fair and reasonable settlement of the issues in this case and is, therefore, in the public interest," we are unable to review those findings given that the parties had stipulated that their settlement would not take effect if the Commission decided any of the remaining issues in controversy in favor of appellant. Simply put, the order does not recite any evidence supporting the findings that the Commission made, and we do not have findings on the very issues that the parties litigated or, for

that matter, why findings on those issues were not made before the parties were ordered to undertake an independent study of the issues that they were asking the Commission to adjudicate. Therefore, we cannot conduct a meaningful review of the Commission's decision.

■ Accordingly, we must reverse and remand Order No. 11 to the Commission with directions to render adequate findings of fact so that meaningful review of the Commission's decision can be made. Because we are remanding for adequate findings, we are unable to address the other arguments raised by appellant.

Reversed and remanded.

PITTMAN, AREY, ROGERS, CRABTREE, and MEADS, JJ., agree.