## ARKANSAS OKLAHOMA GAS CORPORATION *v.*
## ARKANSAS PUBLIC SERVICE COMMISSION

CA 97-1440                                          999 S.W.2d 691

Court of Appeals of Arkansas
Division I
Opinion delivered September 29, 1999

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Hermann Ivester*, for appellant.

*Lee McCullouch*, for appellee.

S AM BIRD, Judge. Arkansas Oklahoma Gas Corporation (AOGC) appeals Order No. 19 entered by the Arkansas Public Service Commission in Docket No. 96-420-U. AOGC argues that the Commission erred in holding that its proposed curtailment policy was not in compliance with the Joint Stipulation and Agreement adopted by the Commission earlier in this docket in Order No. 15. Our decision in *Bryant v. Arkansas Pub. Serv. Comm'n*, 64 Ark. App. 303, 984 S.W.2d 61 (1998), reversed

and remanded Order No. 15; therefore, we dismiss this appeal because it is moot.

AOGC's present appeal is the second appeal that has been filed in this court from Commission Docket No. 96-420-U. This docket was opened by the Commission in response to a petition filed by AOGC for a rate increase in which it claimed a rate deficiency of $7,253,853. Prior to a hearing on AOGC's petition, the Commission was presented with a "Joint Stipulation and Agreement" entered into by most of the parties to the proceeding, which, among other things, proposed a revenue deficiency for AOGC of $3,495,988 and assigned the entire revenue deficiency to the residential class. Although the Attorney General did not dispute the proposed revenue requirement and revenue deficiency included in the Joint Stipulation and Agreement, he did urge the Commission to reject it because it resulted in a twenty-two-percent rate increase to the residential class. In Order No. 15, the Commission adopted the Joint Stipulation and Agreement, conditioned upon a three-year phase-in plan. The Attorney General then appealed Order No. 15, and while his appeal was pending, the Commission entered Order No. 19, the order involved in this appeal.

In Order No. 19, the Commission held that AOGC's proposed curtailment policy was not in compliance with the Joint Stipulation and Agreement and Order No. 15 and directed AOGC to refile its curtailment policy to reflect that specified categories of customers all have the same curtailment priority. AOGC filed a revised curtailment policy that was approved by the Commission in Order No. 20, but it also filed an application for rehearing of Order No. 19, which the Commission subsequently denied. AOGC then filed this appeal of Order No. 19.

After AOGC had filed its appeal of Order No. 19, we handed down our decision in the Attorney General's appeal, *Bryant v. Arkansas Pub. Serv. Comm'n, supra.* In *Bryant*, we agreed with the Attorney General's contention that the Commission had failed to make factual findings to support its adoption of the Joint Stipulation and Agreement, conditioned upon the three-year

phase-in plan, and reversed and remanded Order No. 15 to the Commission.

AOGC has filed nothing with this court since we handed down the *Bryant* decision to indicate that the Commission has readopted the Joint Stipulation and Agreement. Therefore, we must assume that the Joint Stipulation and Agreement is no longer a part of a binding Commission order. Although AOGC's appeal is from a different order of the Commission, Order No. 19, it involves the Commission's interpretation of the Joint Stipulation and Agreement and Order No. 15. Because of our reversal and remand of Order No. 15 in *Bryant, supra,* any opinion that we would give addressing the merits of AOGC's appeal would be purely advisory.

■ ■ It is our duty to decide actual controversies by a judgment that can be carried into effect and not give opinions upon abstract propositions or declare principles of law that cannot affect the matter in issue. *Bryant v. Arkansas Pub. Serv. Comm'n,* 45 Ark. App. 47, 870 S.W.2d 775 (1994). An issue is moot when it has no legal effect on an existing controversy; it is one in which a decision of the court on appeal could not afford the appellant any relief. *Id. See also Central Ark. Tel. Coop., Inc. v. Arkansas Pub. Serv. Comm'n,* 61 Ark. App. 147, 965 S.W.2d 790 (1998). As a general rule, we do not address moot issues. *Id.*

Dismissed.

PITTMAN, JENNINGS, ROGERS, STROUD, and ROAF, JJ., agree.