PEARSON *v.* QUINN.

Opinion delivered April 27, 1914.

APPEAL—WHERE COSTS IS ONLY ISSUE.—Where there is nothing to be determined on an appeal to the Supreme Court but the question of liability for the costs of the litigation, the appeal will be dismissed.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; appeal dismissed.

STATEMENT BY THE COURT.

This litigation involved a petition for the revocation of an order made by the county court of Miller County, which prohibited the sale of intoxicating liquors within three miles of the main public school building situated on block 34 of the city of Texarkana, Arkansas, as per the original plat of said city. The prayer of this petition was granted by the county court, and upon an appeal to the circuit court, where the case was heard *de novo,* numerous findings of fact were requested, but the court made findings, the effect of which was to declare that the petition for the repeal of the original prohibitory order contained a majority of the adult inhabitants residing within three miles of the said schoolhouse, and an order was entered annulling the prohibitory order; the judgment of the court below being rendered on the 21st day of December, 1912. Time was asked and given for the preparation of a bill of exceptions, and on the 18th day of March, 1913, the judge approved the bill of exceptions

prepared in this case. The motion for a new trial alleged various errors as grounds for granting a new trial, and these have been discussed in the briefs which have been filed.

The effect of the judgment of the court below was to make it lawful and permissible for the county judge of that county to grant license to sell intoxicating liquors if he saw proper to do so. But on February 7, 1913, the General Assembly, by an act approved on that date, and which is found at page 116 of the Acts of 1913, enacted a law which prohibited the sale or giving away of any intoxicating liquor within ten miles of the said public school building.

*John A. Cook,* for appellant.

*James D. Head,* for appellee.

SMITH, J., (after stating the facts). The decision of this court can not give any relief to the original petitioners, who are the appellees in this cause, insofar as authorizing the sale of liquors is concerned. Neither will appellants secure any relief, if the judgment of the court below should be reversed, except that they would thereby escape the payment of costs, and as no result can follow the decision of this cause, except the determination of the question of liability for the costs of the litigation, we will decline to entertain this appeal.

In the case of *Wilson* v. *Thompson,* 56 Ark. 110, in an opinion by Chief Justice COCKRILL, it was said: "The circuit court erred in its judgment. The order for prohibition was made in January, 1890, and has expired by limitation of law. The appeal is therefore fruitless. For that reason the practice would have justified a dismissal, without going into the question presented by the record. The costs only are now involved, but it was not for that reason that we have felt called upon to determine the cause, for costs are only an incident of litigation, and can not be made the object of appeal any more than of the litigation. But the cause was of practical importance, and the appellants prosecuted the appeal without delay.

Having gone into the subject of the litigation, and found that the judgment was erroneous, the appellants are entitled to their costs in both courts.'' It appears that notwithstanding the appellants were there adjudged to be entitled to their costs, the appeal was not entertained for the purpose of determining that question; but upon the contrary, it was expressly stated that the appeal would not be entertained and the question there involved was decided because of the public interest of the question involved. Here there is no question of public interest, because the action of the Legislature in passing the special act makes any action which the court may take unimportant to any litigant, except to determine liability for costs.

In the case of *Commissioners of Vance County* v. *Gill,* 126 N. C. 86, it was said: ''The court will not go through the record merely to decide who would have won, if the cause of action had not died pending appeal; that it will not decide the merits of a controversy which no longer exists, merely to determine who shall pay the costs. *Herring* v. *Pugh,* 125 N. C. 437, and numerous cases there cited.'' In the case of *Herring* v. *Pugh,* cited in the last mentioned case, the court announced the conditions under which it would review and decide the merits of a cause which had been settled, or the subject-matter of which had been destroyed since the judgment below, and where the decision on appeal would merely decide who should pay the costs, and it was there said: ''On the appeal in the main action, the judgment adverse to the defendant has been affirmed, and, the cause of action having thus been terminated, an adjudication upon the merits in this appeal would simply decide an abstract proposition of law, since judgment in this appeal could now have no possible effect but to determine who should pay the costs. The court has repeatedly held that this will not be done. *Wikel* v. *Commissioners,* 120 N. C. 451; *Russell* v. *Campbell,* 112 N. C. 404; *Pritchard* v. *Baxter,* 108 N. C. 129; *Hasty* v. *Funderburk,* 89 N. C. 93; *State* v. *Railroad,* 74 N. C. 287; *Futrell* v. *Deans,* 116 N. C. 38;

*Elliott* v. *Tyson, Ib.* 184. The exceptions to the general rule that this court will not decide upon a mere question of costs, are (1) where the very question at issue is the legality of a particular item of costs (*Elliott* v. *Tyson,* 117 N. C. 114; *Blount* v. *Simmons,* 120 N. C. 19), or, (2) the liability of a prosecutor for costs in a criminal action (*State* v. *Byrd,* 93 N. C. 624), or, (3) taking the case be-. low, as properly decided, whether the costs of that court were adjudicated against the proper party. *State* v. *Horne,* 119 N. C. 853.''

In the case. of *Cobb* v. *Hammock,* 82 Ark. 584, the county court made an excessive allowance to the county judge on account of salary, and certain citizens appealed from that order. On appeal the circuit judge refused to set aside the allowance, for the reason that at the time the cause was heard in the circuit court a full quarter had expired, and the county judge was then entitled to all the salary for the quarter for which the salary had been allowed. Upon appeal to this court it was said that the judgment of the circuit court would not have been disturbed, had that court adjudged only the right to the salary; but it erroneously rendered judgment against the citizens for the costs of the appeal from the county court. That case was reversed because, as was there said, the citizens had the right to appeal to the circuit court from an erroneous order of the county court, and therefore the penalty of paying the costs of appeal should not have been visited upon them, because the error in the order appealed from had afterward become harmless.

In other words that was a case properly decided by the court below, but the costs were not adjudged against the proper party, and that action of the court fell within the third exception in the North Carolina case, cited above.

For the reasons stated the appeal will be dismissed.