BOARD OF ASSESSORS OF WATERWORKS IMPROVEMENT DISTRICT No. 22, OF TEXARKANA, v. TEXARKANA WATER CORPORATION.

Opinion delivered October 2, 1916.

IMPROVEMENT DISTRICTS—RIGHT OF BOARD OF ASSESSORS TO APPEAL FROM DECREE OF CHANCERY COURT.—The members of the board of assessors of an improvement district, are without authority to appeal from decrees of the chancery court cancelling certain assessments, and declaring the organization of the district invalid.

Appeal from Miller Chancery Court; *Jas. D. Shaver*, Chancellor; dismissed.

*Per Curiam.* The members of the board of assessors of Water Works Improvement District No. 2 of Texarkana, an improvement district formed in the city of Texarkana for the purpose of constructing water works for public use, are appellants in each of three cases instituted in the chancery court against the board of improvement of said district and the board of assessors and the collector. Two of the suits were brought for the purpose of cancelling the assessments on the ground that they were not made on the correct basis or in the proper manner, and the last suit was for that purpose and also to have the organization of the district declared invalid.

The record in each of the cases recites that on the day on which the cases came on for trial all of the defendants withdrew their defenses and decrees were entered in favor of the appellees (plaintiffs below) declaring the organization of the district to be void, as well as the assessments

made by the board of assessors. There has been no appeal taken by the board of improvement nor anyone else except the members of the board of assessors. Motions have been filed by appellees in each of the cases to dismiss the appeals on the ground that appellants have no interest in the controversy which authorizes them to appeal from the decrees. The conclusion is reached by this court that the contention of appellees is sound and that the motions to dismiss the appeals should be sustained.

Appellees were not necessary nor even proper parties to the litigation. The assessments made by them had been reported to the city council and were subject to attack in the manner in which they are attacked in these actions. The board of improvement is the controlling power of the district and the assessors have no authority except that conferred by the statute to make assessments of benefits and report the same to the city council. They have no interest whatever in maintaining the integrity of the district itself. The fact that the members of the board of assessors were improperly joined as parties to the action, and are enjoined by the decrees from performing any other duties with respect to the assessment, does not give them the right to appeal from a decree in which they have no interest officially and are not shown to be interested as taxpayers. If appellants should be allowed to prosecute their appeals and secure reversals of the decrees, it would avail them nothing, because the decrees would still remain in force as against the board of improvement, there being no such community of interest which would justify appellants in compelling the board of improvement to join in the appeal.

Nor does the fact that there were decrees for costs against appellants and the other defendants below justify them in appealing where they have no other interest. *Pearson* v. *Quinn*, 113 Ark. 24.

The appeal in each of the cases is therefore dismissed.

KIRBY, J., not participating.