## KAYS *v.* BOYD.

### Opinion delivered October 11, 1920.

1. APPEAL AND ERROR—ACTUAL CONTROVERSIES.—It is the duty of the Supreme Court to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon abstract propositions or to declare principles of law which can not affect the matter in issue in the case at bar.

2. APPEAL AND ERROR—MOOT CASE.—An appeal by the respondents in a mandamus proceeding to obtain the restoration of petitioner to full scholarship in a school will be dismissed where it appears that petitioner had been restored to full scholarship, and that the term of the school had expired pending the appeal.

3. APPEAL AND ERROR—COSTS AS ONLY ISSUE.—Where there is nothing to be determined on an appeal except the question of costs, the appeal will be dismissed.

Appeal from Craighead Circuit Court, Joneboro District; *R. H. Dudley,* Judge; appeal dismissed.

*A. P. Patton,* for appellants.

1. The court should have sustained appellants's demurrer. 106 Ark. 174. The circuit court was without jurisdiction, as the proceeding was against the State. 102 Ark. 470; Act 100, Acts 1909; 102 Ark. 482; 98 *Id.* 525; 48 *Id.* 426, 443; 1 *Id.* 570; 3 *Id.* 430; 34 U. S. (Law. Ed.), 815; 44 *Id.* 775.

2. The court erred because its judgment is contrary to law and the evidence.

*E. L. Westbrooke,* for appellee.

1. The evidence is voluminous, and the finding of facts was for Boyd on the issues. It will not be dis-

turbed. 111 Ark. 449; 112 *Id.* 243; 109 *Id.* 158; 117 *Id.* 223; 122 *Id.* 349; 101 *Id.* 493.

2. There was no legal meeting of the board of trustees for any purpose. There was only an informal meeting by three of the members without notice to the others. The action was void. 105 Ark. 106-9; 90 *Id.* 335; 83 *Id.* 491; 69 *Id.* 159; 67 *Id.* 236; 64 *Id.* 689; 52 *Id.* 511. Notice not having been given, the action of the trustees was void and the remedy was mandamus. 89 Ark. 258.

3. This is not a suit against the State, nor a suit at all. Const., art. 5, § 19; *Ib.,* art. 14, §§ 1-3; Act 100, Acts 1909; 45 Ark. 123; 106 *Id.* 174; 102 *Id.* 470; 18 R. C. L. 126; 41 Mo. 226; 51 Cal. 338. Mandamus lies. 6 Ark. 9; 187 U. S. 94; 26 Cyc. 161.

HART, J. On the 31st day of January, 1920, appellee filed a petition for mandamus in the circuit court against appellants to compel them to reinstate him in the State Agricultural School of the First District of Arkansas.

The material facts upon which the petition is based are as follows: Appellants were the trustees of the State Agricultural School of the First District of Arkansas, and suspended Fred Boyd, a student of the school, for conduct unbecoming a gentleman, as it was expressed in the order of suspension.

Appellee introduced evidence tending to show that the order of suspension was wrong, and appellants introduced evidence to sustain the order of the board of trustees, suspending him.

On the 16th day of February, 1920, the circuit court tried the case, sitting as a jury, and found that the order of the board of trustees suspending Boyd on January 26, 1920, was wrong. It was therefore by the court ordered and adjudged that Boyd be reinstated in the school, and that he be restored to all the rights and privileges belonging to the students of the school.

An appeal was prayed by the board of trustees and a transcript was filed in this court on the 11th day of

May, 1920. The case was duly reached on the call of the calendar and submitted to this court.

Appellee states that the term of the school has passed pending the appeal, and that there is now no actual controversy involving real and substantial rights between the parties to the record.

It is the duty of this court to decide actual controversies by a judgment which can be •carried into effect and not to give opinions upon abstract propositions or to declare principles of law which can not affect the matter in issue in the case at bar. In the case at bar the court granted the prayer of the petitioner and ordered the board of trustees to restore him to full scholarship in the Agricultural School. He says this was done. The term has lapsed pending the appeal of the board to this court. Therefore, a decision of the case could have no practical application to the controversy between the litigants.

In a case note to Ann. Cas. 1912 C, at page 247, it is said that the current cases have held that a court in reviewing a decision upon an application for a writ of mandamus will not disturb the judgment of the lower court, where, pending the appeal, an event occurs whereby the question litigated and determined below has ceased to be of any practical importance, but is academic merely. See also case note to 5 Ann. Cas., at p. 626, and *Mills* v. *Green,* 159 U. S. 651.

It will be readily seen from the statement of facts that the question of costs only was of any practical importance in this appeal. In *Pearson* v. *Quinn,* 113 Ark. 24, the court held that where there is nothing to be determined on an appeal to this court but the question of liability for the costs of the litigation, the appeal will be dismissed.

It follows that, for the reasons stated, the appeal will be dismissed.