## BLAKELY v. NEWTON.

### Opinion delivered March 5, 1923.

1. APPEAL AND ERROR—FINAL DECREE—TIME FOR APPEALING.—Where a final decree was rendered in a case, and it was not appealed from within six months, the appeal will be dismissed.

2. APPEAL AND ERROR—MOOT CASE.—An appeal involving the right of appellee to an office in a fraternal society will be dismissed where the term of appellee's office has expired.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; appeal dismissed.

*Scipio A. Jones, R. S. Bowers, L. J. Brown* and *Thomas J. Price,* for appellants.

When an order such as this has a complete system of procedure for redress of grievances, and the courts of that order have in good faith passed upon and decided a case presented, such decision is conclusive. 225 S. W. (Ark.) 335; 2 Daly (N. Y.) Com. 329, 357, 359; Ves. & B. 154; 144 Mass. 175; 129 Mass. 70; 137 Mass. 368; 52 Ill. 128. The laws of such an order are binding on the members, and to them the members must look for redress of grievances rather than to the courts. 110 N. W. 358, 100 Minn. 87; 116 La. 270, 40 A. S. R. 700; 92 S. E. 730, L. R. A., 1917-E, 995; 111 Mass. 185; 8 Mo. App. 148. The courts will not interfere with the decisions of a tribunal within an order in admitting, disciplining, suspending or expelling members, further than to ascertain whether or not the proceeding was in accordance with the rules and laws of the society, was in good faith, and not in violation of the laws of the land. 19 R. C. L. 1235; 75 Cal. 308, 17 Pac. 217; 58 Conn. 552, 20 Atl. 671; 2 Whart. (Pa.) 309, 52 Pa. St. 125. See also notes: 30 Am. Dec. 265; 59 A. S. R. 208; 25 L. R. A. 149; 49 L. R. A. 355.

*J. F. Jones, W. Leon Smith,* and *Rowell & Alexander,* for appellees.

1. The appeal should be dismissed. The decree of May 18, 1921, was final, and no appeal therefrom was taken within six months. C. & M. Digest, § 2140; 152

Ark. 581; 145 Ark. 303; 122 Ark. 255; 134 Ark. 386; 108 Ark. 523.

2. So far as pertains to the decree of January 25, 1922, the case should be affirmed. There was oral evidence heard on the part of the plaintiffs below, which is not set out in the transcript. 129 Ark. 193.

McCulloch, C. J. The Grand United Order of Odd Fellows in America is a fraternal society composed of negroes, and the branch of the organization in Arkansas is incorporated under the laws of this State under the name of "District Grand Lodge No. 11 of the Grand United Order of Odd Fellows in America." The Arkansas branch of the order bears allegiance to the national organization, and is subject to its constitution and by-laws.

The district grand lodge meets biennially, and at the meeting at Hot Springs in August, 1919, T. L. Newton, one of the appellees, was reelected district grand master, and the other appellees were elected to other offices in the district grand lodge. The next meeting was held in the city of Pine Bluff in August, 1921, and Newton was reelected, but, according to a special plea filed since the present case came here on appeal, Newton, since his election, ceased to be grand master and another, one Taylor, has been elected, or appointed, in his stead.

Shortly after the Hot Springs meeting at which Newton was elected district grand master, charges were preferred against him by two members of one of the local lodges for alleged personal and official misconduct, and Newton was put upon trial before the executive board of the district grand lodge on these charges, and was acquitted. The individuals who preferred the charges took an appeal to what is termed the "subcommittee of management," which seems to be, under the by-laws of the national organization, a governing board of the national organization. The subcommittee of management entered an order finding Newton guilty of the charges and removed him from office. Another order

made by the subcommittee of management appointed
J. I. Blakely, one of the appellants, as district grand
master in the place of Newton. The order contained a
specification that Blakely's tenure should extend no
longer than to the next meeting of the Grand Lodge of
Arkansas, which, under the by-laws, was to convene in
August, 1921.

Appellees instituted this action in the chancery court
of Jefferson County on January 16, 1920, against Blake-
ly and the other appellants who were associated with
him in the controversy which had arisen between the
Newton party and the Blakely party. In the complaint
it was alleged that Newton had been regularly reelected
grand master at the Hot Springs meeting for the en-
suing term of two years; that a resolution was adopted at
that meeting, in accordance with the by-laws of the order,
fixing the next biennial meeting to be held at Pine Bluff
in August, 1921; that Newton had been tried and ac-
quitted of the charges against him, and that the order of
the subcommittee of management was void for the
reason that the by-laws did not provide for an appeal to
that body by the prosecutors of charges, and that the ap-
pellants were wrongfully interfering with Newton and
the other grand lodge officers in the discharge of their
official duties, particularly with reference to the holding
of the next biennial meeting at Pine Bluff. The prayer
of the complaint was that appellants be restrained from
the aforesaid interference with Newton and the other
officers of the grand lodge, and the chancellor granted
a temporary injunction in accordance with the prayer of
the complaint.

The appellants, or some of them, had instituted an
action against appellees in the chancery court of Gar-
land County to enjoin the latter from attempting to ex-
ercise the functions of office in the grand lodge, but the
prosecution of that case was restrained by an order made
by the Jefferson Chancery Court.

Appellants appeared in the Jefferson Chancery Court and filed an answer and cross-complaint asking for the same relief which they had asked for in the Garland Chancery Court. The feature of the case which related to the adoption of the resolution of the grand lodge at Hot Springs calling the next meeting to be held at Pine Bluff was separately heard by the Jefferson Chancery Court on May 18, 1921, on oral testimony, and a decree was rendered finding that the next ensuing meeting to be held at Pine Bluff in August, 1921, had been fixed by resolution adopted by the grand lodge at Hot Springs in accordance with the laws of the association, and dismissing the cross-complaint of appellants for want of equity, and restraining them from "further interfering with Thomas L. Newton as grand master in the discharge of his duties as such, and calling the grand lodge to convene in Pine Bluff, Arkansas, in 1921."

There was no separate appeal from that decree, but another decree was rendered by the court on January 25, 1922, restraining appellants from interfering with Newton and the other officers in the discharge of their official duties.

A transcript of the whole record in the case was filed here on July 24, 1922, and the clerk granted an appeal.

The decision of the case upon the merits of the controversy turns primarily upon the right of the prosecutors of the charges against Newton to appeal to the subcommittee of management and the authority of that body to hear the cause on appeal, but appellees have filed a motion to dismiss the appeal on the ground that the decree of May 18, 1921, was final, and that the appeal was not prosecuted within six months, and also that since Newton was reelected as grand master at the Pine Bluff meeting and has since retired from that office, the question of the legality of his incumbency of the office for the term beginning with the Hot Springs meeting and

ending with the Pine Bluff meeting has become a moot one.

We are of the opinion that the contention of appellees is correct, and that the appeal should be dismissed. The decree of May 18, 1921, was final, in form as well as in substance, as to all the matters adjudicated. It was not merely an interlocutory order granting or continuing an injunction, but it finally adjudicated the question of the legality of the meeting to be held at Pine Bluff.

In the recent case of *Road Improvement District No. 1 v. Cooper,* 150 Ark. 505, we said that "an order or decree extending an injunction for a fixed time, or until the happening of a certain event, may be final, but it appears clearly from the recitals in the decree that the court meant to continue control over the injunction granted in this case and over the subject-matter of the litigation." The court did not retain control over that feature of the case, but finally adjudicated it, and the adjudication related to a matter which was to occur at a fixed time. It was necessarily final in its nature, for it completely covered the subject-matter of that part of the litigation.

Now, since we find that that part of the decree was final, and no appeal was prosecuted from it, it follows that the question of interference as adjudicated in the last decree has become moot. The litigation between the parties only related to the validity of the order of the sub-committee of management in deposing Newton from office and appointing appellant Blakely for the remainder of that term. That term expired, and an election was held for the next term at a meeting the legality of which was adjudicated by the decree, from which no appeal was prosecuted. We are of the opinion that this phase of the case is controlled by the decision of this court in *Kays v. Boyd,* 145 Ark. 303.

The appeal is therefore dismissed.