KIRK *v.* NORTH LITTLE ROCK SPECIAL SCHOOL DISTRICT.

Opinion delivered October 3, 1927.

1. JUDGMENT—CONCLUSIVENESS AS TO STRANGER.—Where the purchaser or holder of bonds issued by a school district was not a party to an action involving the validity of such bonds, his rights cannot be affected by a decision on the question whether the school district was authorized to issue such bonds.

2. APPEAL AND ERROR—MOOT QUESTION.—The Supreme Court will not give opinions upon controversies or declare principles of law which cannot be executed or which could not have any practical effect in settling the rights of litigants under any judgment or decree rendered.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; appeal dismissed.

STATEMENT OF FACTS.

Chester A. Kirk brings this suit against the North Little Rock Special School District and the directors thereof to enjoin them from selling school district bonds for the purpose of using the proceeds thereof for current expenses, and that the bonds so issued be declared null and void.

According to the allegations of the complaint, Chester A. Kirk is a citizen, resident and taxpayer of the North Little Rock Special School District, which is a duly organized special school district and one of the defendants in this action. The other defendants are the directors of said special school district. On September 23, 1926, the defendants sold something over $75,000 of the school bonds of said district. The complaint alleges that the bonds so sold would be used for current expenses. The record shows that no injunction bond was given and that the school bonds were sold and delivered to the purchaser thereof before the suit was filed. This fact inferentially appears from the complaint, because it alleges that the sale of the bonds was to take place on October 13, 1926, and the present suit was not filed until October 15, 1926. The complaint also alleges that there were several bidders for the bonds at the sale, and that the Bankers' Trust Company of Little Rock, Arkansas,

became the purchaser of the bonds. The court sustained a demurrer to the complaint, and, upon the plaintiff electing to stand upon his complaint and refusing to plead further, the complaint was dismissed for want of equity. After the plaintiff had presented his appeal to this court, the secretary of said school board filed an affidavit that the bonds in question had been sold and the proceeds spent by the directors of said school district.

*Melbourne M. Martin*, for appellant.

*Tom Digby* and *Carmichael & Hendricks*, for appellee.

HART, C. J., (after stating the facts). Counsel for appellant claims that he only desires the court to pass upon the question of whether or not the defendant special school district could issue bonds in payment of the current expenses of the schools of the district. To pass upon the question insisted upon by appellant could not possibly result in any benefit to him. It is fairly inferable from his own complaint that the bonds had been issued and sold to the Bankers' Trust Company, which is not made a party to the action, before the present suit was brought. The affidavit of the secretary of the board filed in this court shows that the bonds had been sold and the proceeds spent. There is no denial of this fact. The purchaser or holder of the bonds not having been made a party to the action, his rights could not in any wise be affected by any decision we might make. Hence a decision of the question presented by the appeal, even if favorable to the contention of the appellant, could not result in any practical benefit to him. The court could not make any order relative to the bonds which would affect the holder of them. The sum realized from a sale of the bonds has been expended by the district. It could only declare what it believed the law to be upon the issue attempted to be raised by appellant. It has never been the policy of this court with respect to litigated cases to decide cases which, by reason of intervening facts, seemed to be of no practical application to the controversy between the parties. It is the duty of the courts to decide

actual controversies by a judgment or decree which can be carried into effect, but not to give opinions upon controversies or declare principles of law which cannot be executed or which cannot have any practical effect in settling the rights of the litigants under the judgment or decree rendered. *Mabry* v. *Kettering*, 92 Ark. 81, 122 S. W. 115; *Kays* v. *Boyd*, 145 Ark. 303, 224 S. W. 617; *Blakely* v. *Newton*, 157 Ark. 351, 248 S. W. 907; *Mills* v. *Green*, 159 U. S. 651, 16 S. Ct. 132, 40 L. ed. 293; *Jones* v. *Montague*, 194 U. S. 147, 24 S. Ct. 611, 48 L. ed. 913; *Wilson* v. *Shaw*, 204 U. S. 24, 27 S. Ct. 233, 51 L. ed. 351; and *So. Pac. Terminal Co.* v. *Int. Commerce Com.*, 219 U. S. 498, 31 S. Ct. 279, 55 L. ed. 310.

We do not pass upon the issue attempted to be raised by appellant in this appeal, but, following the principles of law announced in the decisions above cited, we dismiss the appeal without prejudice to the rights of any one. It is so ordered.