268 S.W.2d 3 (1954)
LETAW et al.
v.
SMITH, Chancellor.
No. 5-391.
Supreme Court of Arkansas.
May 10, 1954
Dissenting Opinion May 31, 1954.
Rehearing Denied June 7, 1954.
Abe L. Roberts, Marvin Brooks Norfleet, Memphis, Tenn., for petitioner.
Everard Weisburd, West Memphis, Jake Brick, West Memphis, John A. Fogleman, Marion, and Elton A. Rieves, Jr., West Memphis, for respondent.
WARD, Justice.
On August 6, 1953 petitioner, Letaw, filed a complaint in the Chancery Court of Crittenden County against Doyne Dodd. On August 10, 1953, the clerk of the chancery court wrote one of the petitioners, Roberts, who was Letaw's attorney and lived in Memphis, Tennessee, that he had not complied with a rule of the Chancery Court of Crittenden County (which will be set out and discussed later) to the effect that it would be necessary to associate with him in the case local Arkansas counsel. Associated with Roberts as one of Letaw's attorneys in the case was petitioner Norfleet *4 who was also a resident of Memphis, Tennessee.
On August 11, 1953, Roberts and Norfleet, for themselves and as attorneys for Letaw, filed a motion in the Crittenden County Chancery Court stating: That Roberts is now and has been at all material times a resident citizen of Memphis, a practicing lawyer licensed to practice in the Supreme Court of Tennessee and all the courts of Tennessee; that Norfieet is and has been a practicing lawyer at Memphis, Tennessee, licensed to practice in the Supreme Court and all other courts of that state, that he is and has been licensed to practice in the Supreme Court and all other courts in Arkansas, and that Norfieet had been a resident of Forrest City, Arkansas, up until July, 1952, when he became a resident of Memphis, Tennessee, and that the rule which the chancery court seeks to enforce is void as being arbitrary, unreasonable, and violative of comity between Arkansas and Tennessee with reference to the practice of law within the United States of America, etc. The prayer in the motion was that the court relax the said rule insofar as this particular case is concerned and for all other proper relief. The trial court, after hearing testimony on the motion, refused by order dated August 31, 1953, to modify its rule and refused to allow Letaw and his attorneys to proceed further in the case. From this ruling of the trial court petitioners here seek relief by writ of certiorari.
The rule adopted by the Chancery Court of Crittenden County and here questioned is as follows:
"Non-resident attorneys at law, who have been admitted to practice by the Supreme Court of this State or by the court of last resort in the state of their residence, will be permitted by courtesy to appear in all causes in the Crittenden Chancery Court representing any party thereto, but the pleadings in all such causes filed by a non-resident attorney shall be signed also by a duly licensed resident attorney of this county upon whim service of notices may be had and who shall be responsible to the court for the conduct of the interest represented by the non-resident attorney in such cause. The Clerk of this court is charged with the enforcement of this rule."
"This order to be effective Oct. 16, 1933."
In rendering its decision the trial court stated "that the making of said rule was a valid exercise of the court's power, and that said rule is reasonable, proper, and valid."
Before we consider the issue here raised it becomes necessary to set out certain material and undisputed facts and to call attention to an agreement reached by the attorneys for both parties during the oral argument in this court.
It is undisputed that Roberts is an attorney residing in Memphis, Tennessee; he is a member of the bar of Tennessee, admitted to practice in all the courts of that state, and has paid his fee of $1 to and been enrolled to practice by the Chancery Court of Crittenden County, and Norfieet has exactly the same status as Roberts, except that he was formerly a resident of Arkansas, he was admitted to practice in all the courts of this state in 1919, and has ever since paid his annual dues to the bar of Arkansas.
The Agreement on Oral Argument. The petitioners filed their motion in the trial court, filed this petition here, and briefed their case on the theory and assumption that the disputed rule meant one thing, and respondent briefed its cause on the theory, not too clearly defined, however, that the rule had a different meaning. Petitioners' interpretation of the rule, as applied to the facts of this case, is: Because Attorney Roberts (and Norfieet) is a resident of Tennessee he is not allowed to prosecute a suit for Letaw in Crittenden County unless he employs, as co-counsel, an attorney residing in Crittenden County. Respondent contends the rule means Roberts, an attorney of Tennessee, can proceed with his suit if he employs, as co-counsel, an attorney *5 who lives anywhere in Arkansas. During oral argument respondent's attorneys made it plain that their interpretation of the rule was as stated above and that they were insisting on no other interpretation, and petitioners agreed that the rule, so interpreted, was satisfactory to them.
The above status of the case leaves two principal matters for further consideration.
1. Since the attorneys in this case have no authority to fix, by agreement, the rules of practice in the Crittenden County Chancery Court, or to say what is or is not a reasonable rule in such matters, it remains the duty and responsibility of this court to decide the issue presented by this writ.
In our opinion the questioned rule, taken in the plain ordinary meaning of the language heretofore copied, is susceptible only of the interpretation given it by petitioners, and, as such, does not conform to our statute, is unreasonable and can not be sustained. Ark.Stats. § 25-108 reads as follows:
"Non-resident attorneys at law of record shall be allowed to practice law in all the courts of this State of equal jurisdiction of the court or courts to which they have been admitted to practice and are members of the bar in good standing in the State of their residence."
It is generally conceded that courts have the inherent right to make local rules of practice and procedure subject to certain limitations. Two of these limitations are that such local rules must not contravene a valid statute or be unreasonable. In the case of Meyer v. Brinsky, 129 Ohio St. 371, 195 N.E. 702, 703, cited by both parties here, the court, in discussing the power of trial courts to make rules, said:
"However, it is equally fundamental that such rules must not contravene either the organic law or a valid statute ; and likewise they must be reasonable in their operation."
The limitations we are speaking of are expressed in 21 C.J.S., Courts, § 170(b), p. 261, this way:
"* * *, subject to limitations based on reasonableness and conformity to constitutional and statutory provisions."
Not only does the Crittenden County Rule, requiring a local attorney in the circumstances mentioned, not conform to the reciprocity statute quoted above, but it appears to us to be unreasonable. A rule which requires an attorney residing in Memphis, Tennessee, to employ co-counsel living in Crittenden County as a prerequisite to prosecuting a suit filed in that court is manifestly unnecessary. Those seeking to sustain the rule do so on the ground that it is necessary for the Court to have, in each case, an attorney upon whom notices may be served and who would be responsible to the court. This same justification is found in the rule itself. However, as now conceded by respondent, the Chancery Court of Crittenden County could exercise the same control over an attorney of Pulaski County (or any other county) that it could over an attorney of Crittenden County. So, if the restriction imposed on nonresident attorney is unnecessary, it is to that extent unreasonable.
2. It has been urged that the petition here should be dismissed or denied because (a) there is no justiciable issue and (b) the issue is moot, but we do not agree.
(a) If at the hearing before the Chancellor it had been made clear to petitioners that they could proceed by employing any attorney in Arkansas and that such was the interpretation of the rule, then petitioners might not have instituted this proceeding, but this was not done. It appears to us that petitioners had reasonable grounds to believe they were being required to employ an attorney in Crittenden County. The plain wording of the rule conveys this impression; the letter from the clerk of the Chancery Court of Crittenden County to Roberts stated that the rule required him to associate "local Arkansas counsel"; and *6 the record fails to disclose that the respondent or the attorneys made celar to petitioners the interpretation of the rule which they now claim although ample opportunity was afforded them during the hearing. Though it might be argued that the words "local Arkansas counsel" along with other language in the letter should not be interpreted as restricting the location to Crittenden County, yet it must be remembered that the clerk has no authority to interpret the rule and in many instances it is possible that nonresident attorneys might ask for and receive a copy of the rule itself.
(b) On December 14, 1953, at an adjourned day of court after the August order denying petitioners the right to proceed in the original case and after petitioners had taken an appeal (later changed to this writ) from that order, the trial court made another order, stating and finding: "Norfieet is now a resident of St. Francis County, Arkansas, and has been since September 11, 1953, and that said Marvin Brooks Norfieet is now a regular licensed attorney at law in the State of Arkansas and is not an attorney at law, non-resident of the State within the meaning of the rule of this Court dated August 31, 1933 * * *"; and it is therefore ordered that Letaw's attorneys, Norfieet and Roberts, may now proceed with the trial of this cause.
In our opinion the December order does not render moot the issue presented to us by petitioners' writ for several reasons. First, we think the December order should be treated as an addendum to the August order and it is not the order which is challenged by this writ. Second, the December order, by its own interpretation, does not affect, modify or repeal the rule here challenged. Third, when this court allowed petitioners to change their procedure from "appeal" to "certiorari" it was, we think, an implied commitment to hear this petition on its merits. Fourth, petitioner, Roberts, being a nonresident attorney, has an interest in this matter which the December order does not dispose of. Moreover, it appears that the interest of practitioners and litigants in general would be best served to have the status of this questioned rule definitely settled.
We point out that no one connected with this litigation had anything to do with the adoption of the rule in question and certainly we do not mean to imply any criticism of those who have merely conformed to a procedure which had been followed by others for twenty years.
Writ granted.
McFADDIN, J., dissents.
MILLWEE, J., concurs.
McFADDIN, Justice (dissenting).
The majority has decided a case that is moot. Such procedure is contrary to our established precedents in which we have refused in all instancesexcept election controversies[1]to decide a case that does not present a justiciable issue.
In Quellmalz Lumber & Mfg. Co. v. Day, 132 Ark. 469, 201 S.W. 125, 127, we said:
"It is not the policy of our law with respect to litigated cases to decide questions which have ceased to be an issue by reason of facts having intervened rendering their decision of no practical application to the controversy between the litigants. Pearson v. Quinn, 113 Ark. 24, 166 S.W. 746; Tabor v. Hipp, 136 Ga. 123, 70 S.E. 886, Ann.Cas. 1912C 246."
In Kays v. Boyd, 145 Ark. 303, 224 S.W. 617, we said:
"It is the duty of this court to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon abstract *7 propositions or to declare principles of law which cannot affect the matter in issue in the case at bar."
In Kirk v. North Little Rock Special School Dist, 174 Ark. 943, 298 S.W. 212, 213, we said:
"It has never been the policy of this court with respect to litigated cases to decide cases which, by reason of intervening facts, seemed to be of no practical application to the controversy between the parties. It is the duty of the courts to decide actual controversies by a judgment or decree which can be carried into effect, but not to give opinions upon controversies or declare principles of law which cannot be executed or which cannot have any practical effect in settling the rights of the litigants under the judgment or decree rendered. Mabry v. Kettering, 92 Ark. 81, 122 S.W. 115; Kays v. Boyd, 145 Ark. 303, 224 S.W. 617; Blakely v. Newton, 157 Ark. 351, 248 S.W. 907; Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Wilson v. Shaw, 204 U.S. 24, 27 S.Ct. 233, 51 L.Ed. 351; and Southern] Pac[ific] Terminal Co. v. Interstate Commerce Comm., 219 U.S. 498, 31 S.Ct. 297, 55 L.Ed. 310."
Thus it has long been the policy of this Courtand it is the policy of other Courts throughout the nationto refuse to decide questions not essential to settle the rights of the litigants. The question that the majority has decided in the case at bar that the Crittenden Court rule of 1933 is voiddoes not and cannot affect the rights of Letaw in the case at bar. Therefore, it is a moot question, and the time of this Court should not have been consumed in deciding it.
To clearly demonstrate that the question decided is moot, I review briefly the facts in this matter:
1. On August 6, 1953, Letaw filed suit against Dodd's Drug Store in the Crittenden Chancery Court, seeking to recover judgment against Dodd and to foreclose an alleged lien on personal property. That was the case of Letaw v. Dodd, in which attorneys Roberts and Norfieet represented Letaw.
2. The Clerk of the Crittenden Chancery Court notified these attorneys of the Crittenden Court rule of 1933, saying in part: "These rules require that all out-of-state attorneys associate with local counsel residing in the State of Arkansas."[2] On August 11, 1953, Letaw and his attorneys filed a motionin the case of Letaw v. Doddasking the Court to relax the said rule.
3. On August 31, 1953,in the case of Letaw v. Doddthe Court refused to relax the rule because each of the said attorneys was then a nonresident of the State of Arkansas.[2] So far as we know, the merits of the case of Letaw v. Dodd are still pending in the Crittenden Chancery Court.
4. On November 17, 1953, Letaw filed a transcript in this Courtin Case numbered 362 hereinattempting to appeal from the order of the Crittenden Chancery Court which refused to relax the rule against nonresident attorneys. Of course, there was no final order on which to base an appeal; and on February 8, 1954, this Court dismissed the appeal of Letaw "* * * for want of a final, appealable order"; and that ended the appeal to this Court of the case of Letaw v. Dodd, and left the controversy pending in the Crittenden Chancery Court, where it had always been pending.
*8 5. On December 14, 1953, the Chancery Court of Crittenden County entered another order in the case of Letaw v. Dodd, which order recited that Attorney Norfieet was then a resident of St. Francis County, Arkansas, and had been since September 11, 1953, and that since Attorney Norfieet was a resident of the State of Arkansas,[2] there was full compliance with the rule of the Court, and that Letaw could proceed with a lawsuit against Dodd. The order concluded:
"It is, therefore, by the Court, considered, ordered and decreed that the plaintiff and his attorneys, Marvin Brooks Norfieet, and A. Bell Roberts, may now proceed with the trial of this cause, to all of which Marvin Brooks Norfieet and A. Bell Roberts excepted, said exceptions being duly noted herein."
6. At the time the aforesaid order was made on December 14, 1953, the learned Chancellor delivered an opinion, which shows much study and thought. A copy of the Chancellor's opinion is attached to this dissenting opinion. From this opinion of the Chancellor, it is clear that ever since December 14, 1953, Letaw and his attorneys have been at perfect liberty to proceed with their case against Dodd: yetas above quotedthe attorneys excepted to the very order that allowed them to proceed. When the Court allowed Letaw to proceed with his case against Dodd, then the question here presented became moot.
7. But notwithstanding the order of December 14, 1953, we find that on December 29, 1953, Letaw filed the present case in this Court. It is Case No. 391, and is the one that the majority is now deciding. In this case, Letaw and his attorneys, Roberts and Norfieet, ask this Court to enjoin Chancellor Smith from enforcing the Crittenden County Court rule against them. It is worthy of note (a) that this present case was a Petition for Writ of Prohibition, seeking to prohibit Chancellor Smith from enforcing the Crittenden County Court rule against them; and (b) that the case was filed here fifteen days after Chancellor Smith had made an order that permitted Letaw and his attorneys to proceed in Letaw's case. In order to decide the controversy, this Court has treated the Petition for Prohibition as a Petition for Certiorari. We have a right to do that; but still the whole controversy is moot, and has been moot since December 14, 1953, when Letaw and his attorneys were notified by the Crittenden Chancery Court that they had a full right to proceed with the case of Letaw v. Dodd.
From the foregoing seven numbered paragraphs, I emphasize that the facts demonstrate that the present case does not present a justiciable controversy affecting Letaw's rights: rather they show that Letaw and his attorneys have undertaken to reform the Court rules of Crittenden County in a situation that does not now affect Letaw's rights. I am surprised that this Court has let itself be used for such a result. Why should we consider the rules of the Crittenden Chancery Court, when such consideration cannot possibly affect the right of Letaw to proceed in his case against Dodd? I cannot understand it.
Now this dissent might well stop at this place: but since the majority has seen fit to test the Crittenden County Court rule by § 25-108, Ark.Stats., I think it not amiss to give my views on that Statute. That section of the Digest is a part of Act 222 of 1911. In 1938, the People of Arkansas adopted Amendment 28 to the Constitution, which Amendment reads:
"The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law."
Since 1939 it has been the duty of this Court to make rules regulating the practice of law; and I submit that this Court should now make a rule, effective immediately, which rule should provide that any nonresident attorney must associate with him an attorney resident in Arkansas in any *9 case that may be filed in any Court of this State. As pointed out in the opinion of the Chancellor of December 14, 1953, other States and other jurisdictions have such a rule; and we should have one, which would be just like the Crittenden County rule, as interpreted by its Chancellor.
Because the majority has decided a case that is moot, I respectfully dissent.

Appendix

Opinion of Chancellor Smith,

Delivered December 14, 1953,

In the Case of Letaw v. Dodd.
Gentlemen, in order that there not be any confusion or misunderstanding or any reason for any misstatements, I am going to undertake to make my position clear in regard to this matter. On August 6, 1953, the plaintiff filed in this court his petition against the defendant in which he alleged that the defendant was indebted to him in certain sums. The plaintiff prayed judgment for the amount of that indebtedness and asked that that judgment be declared a lien upon certain personal property belonging to the defendant; that if the judgment was not paid within a certain time to be fixed by the court, that the lien be ordered foreclosed and a commissioner appointed to sell the property to satisfy the judgment. Summons was duly issued and served on the defendant and on the 7th day of September, 1953, the defendant filed in this court, his answer, denying the allegations contained in the complaint. Prior to that time a motion was filed attacking the validity of a rule of court that was promulgated on August 31, 1933, recorded in the permanent records of this court and by that order or rule it was to become effective on October 16, 1933. That rule of court in effect provided that a nonresident attorney who was licensed to practice law in the State of Arkansas or in the State of his residence, that is, by the highest court in the state of his residence, would be permitted to practice in this court provided that all pleadings be signed by a resident attorney upon whom process might be had and who might be responsible to the court for the conduct of the litigation. It is significant to note that that rule was not questioned for twenty years. Many, many, many attorneys from other states have complied with the rule and practiced in this court. Many of them during my three years tenure on the bench. I assume, and must assume that there was reason for the promulgation of that rule. Rules of similar nature are enforced in many other courts. A rule almost identical in language is in effect in the Federal Courts of the State of Arkansas and rules in many other states are similar. There is a rule, according to the record in this case, in the Probate Court of Shelby County, Tennessee, to the effect that no one except a licensed attorney in Tennessee and a resident of Shelby County shall be permitted to practice in that court. That is a record before this court in this case. When a rule, promulgated by a court, is duly recorded in the permanent records of that court, it becomes just as effective as if it were a law passed by the Legislature of the State and should be given the same effect in the same manner as a rule or law passed by the Legislature. On August 31, 1953, a hearing was had on that motion and testimony was taken in open court. The testimony consisted of the evidence of the two attorneys representing the plaintiff and certain documentary evidence. There was no testimony, at least competent testimony, to the effect that the enforcement of this rule would deprive the plaintiff of an opportunity to try his lawsuit upon compliance with the rule. The parties simply introduced their license, one of them exhibiting his license granted by the Arkansas Supreme Court in 1919 and his license to practice in the courts of Tennessee, the other his license in the State of Tennessee, each stating under oath that he was, at that time, a resident of Tennessee. There was no testimony to the effect that plaintiff could not comply with the rule. They simply relied upon the Statute of 1911, the laws of the State of Arkansas which provided and which does provide *10 that an attorney who has been licensed to practice before the highest court in his state shall be permitted to practice law in the courts of this state. The license issued to every member of the Bar of Arkansas, over eleven hundred in number, contains the same provision, that the holder of that license is permitted to practice in the Supreme Court of this State and all inferior courts of the State. It is the opinion of the court that does not give the holder of that license the privilege to ignore the rules promulgated by courts in the exercise of their inherent power, so a statute conferring upon nonresident attorneys the right to practice in this state could certainly confer upon them no greater right than the licensed attorneys of this state. The laws of the State of Arkansas provide that before attorneys can be licensed in the first place in the State of Arkansas, that he must be a resident of this state and must have resided in this state for a specified length of time. We have no cases in this court, but the great weight of the decisions of other states is to the effect that where residence is a prerequisite to practice in the first place, that upon the removal of a person, it acts not as a revocation of his license, but as a suspension.
Upon the testimony before the court on August 31st, the court was unwilling to declare as a matter of law, that the rule was invalid. There is not now, and there never has been for one single minute since that time, any effort, any intention, any desire upon the part of the court to alter the ruling of August 31, 1953. There has never been any indication, any intention or desire to have any re-hearing in connection with the order made on August 31, 1953. It has come to the attention of the court and admitted in open court this morning that since the 11th of September, 1953, or about the 11th of September, 1953, one of the attorneys, the attorney who was licensed to practice law in Arkansas, has returned or removed to his former home in St. Francis County, Arkansas, and is now a bona fide resident of the State of Arkansas. The court takes the position without, as I say, undertaking to alter, revise or amend the order of August 31, 1953, to any extent, good or bad, whether valid or invalid, no longer applies to that attorney and that he has a perfect right to proceed in the trial of his client's cause in this court.
It is immaterial, a matter of no consequence, whether Mr. Roberts intended to take the lead in the case, or whether Mr. Norfieet intends to take the lead in the case. Insofar as Mr. Norfieet is concerned, he is not a nonresident of the State of Arkansas, and therefore the rule has no application to him whatsoever. There is an attorney of record in this case upon whom process of service can be had and who can be responsible for the conduct of the lawsuit, who could be punished, if need be, and I am satisfied there won't, by process of this court.
I am not unmindful of the fact that there has been an attempted appeal from the order of August 31, 1953. I did not think then and I do not think now that the order of August 31, 1953, was an appealable order and, therefore, I am of the opinion that the jurisdiction of that case is still in this court. There has been a complaint filed and an answer filed. There has been no proof taken by either side on the merits of that case; they are simply, insofar as the parties are concerned, a complaint alleging certain facts to be true, and an answer denying those facts to be true. It is, therefore, incumbent upon the plaintiff, who has the burden of proving his case, to act.
I am not unmindful of the rule of court and the decision of the Supreme Court to the effect that when there is an appeal to the Supreme Court from a former order or judgment, that the lower court loses all jurisdiction. The jurisdiction is there and not here because the case is transferred; and by a very early case of Gates v. Solomon, 73 Ark. 8, 83 S.W. 348. That was a case where the Circuit Court had either sustained or overruled a demurrer to the complaint. The court sustained the demurrer to the complaint and no further action was taken except the Circuit Court *11 rendered judgment against the plaintiff for the costs of the case and our Supreme Court said that the Circuit Court was in error in rendering costs against the plaintiff for the action while it was still pending, there being no dismissal and there was no dismissal in this case and that thought unquestionably ran through the minds of the attorneys when the court announced the ruling, that he assumed that the complaint was being dismissed and he was told by the court then there was no reason to dismiss the complaint, that the attorneys could proceed with the trial of their cause as soon as the rule was complied with and it was not a final judgment and no appeal lies from it. The appeal was prematurely taken, the cast is still pending in the Chancery Court. In the case of McCarroll, Commissioner of Revenue v. Gregory-Robinson-Speas, Inc., 197 Ark. 1175, 125 S. W.2d 452, 453, the appellant admitted in the Supreme Court that the only order rendered by the trial court was an order overruling his demurrer to the complaint and granting an appeal from such order to the Supreme Court. Certainly it cannot be denied that the order made in the instant case was the one holding that the rule of the court was valid. The Supreme Court continued by saying:
"The order overruling his demurrer to the complaint and granting an appeal from such order to this court. The order overruling the demurrer to the complaint was an interlocutory order and not being a final judgment was not appealable to this court. The appeal was, therefore, prematurely taken. The case is still pending in the chancery court notwithstanding the attempted appeal from the order overruling the demurrer to the complaint."
Citing the case of Gates v. Solomon in 73 Ark. 8, 83 S.W. 348, which I just mentioned, goes further in saying that: "This court decided in the case of Davis v. Biddle, 117 Ark. 393, 174 S.W. 1196, that no appeal lies where there is no final judgment, and an order sustaining a demurrer being only an interlocutory judgment, an appeal therefrom would be dismissed for want of jurisdiction and also decided in State v. Greenville Stone & Gravel Co., 122 Ark. 151, 182 S.W. 555, that orders overruling demurrers were not appealable, since they were not final orders and that the mere fact that a constitutional question was involved was not sufficient to make the order final."
In a more recent case of Piercy v. Baldwin, 205 Ark. 413, 168 S.W.2d 1110, 1111, the plaintiff in that case brought suit in ejectment against Luther Baldwin and Lois Baldwin, his wife, as well as against other defendants. In apt time, Lois Baldwin, on behalf of herself and the other defendants, filed a motion to stay the proceedings. In short, her motion was based upon the fact that her husband, Luther Baldwin, was a member of the armed forces of the United States and, therefore, was entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. Appendix, § 501 et seq. Her prayer was that the proceedings in the cause be stayed during the period of military service of her husband and for three months thereafter. A response was filed to that motion and upon a hearing the court sustained the motion to stay the proceedings as to the defendants, Lois Baldwin and Luther Baldwin, whereupon, the plaintiff then moved the court to permit him to proceed with the trial as to the other defendants. That motion was denied by the court and the plaintiff prayed and was granted an appeal to the Supreme Court. In the Supreme Court, the plaintiff contended first that the trial court abused its discretion in granting the defendant's motion for a stay of proceedings and, second, that in any event, there was an abuse of discretion, an error in denying the plaintiff's motion to permit him to proceed against the other defendants. In passing on those motions, our Supreme Court said:
"We cannot decide these questions for the reason that the appeal has been prematurely brought and we are without jurisdiction. The order from which this appeal comes is in no sense *12 a final order, from which an appeal may be prosecuted. In effect, the order continues the cause during the military service of appellee, Luther Baldwin, and for three months thereafter. The cause has not been tried on its merits but is still pending. In Harlow v. Mason, 117 Ark. 360, 174 S.W. 1163, 1164, this court quoting from an earlier case, said: `"A judgment to be final, must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subjectmatter in controversy".'"
Therefore, this court is of the opinion that the cause has not been removed to the Supreme Court, notwithstanding the fact that there has been lodged there a transcript of the pleadings and the testimony that was taken here in August. The order, upon its face, shows that it did not conclude the rights of the parties, that they were not dismissed from the action; that they were not precluded from proceeding in this cause. I am of the opinion that if the Supreme Court considers the matter now pending before it at all, that it will consider it as an original petition for a writ of mandamus. If that is true, there will be an original action in the Supreme Court and this action is still pending in this court.
As I say, without any regard to the validity of the rule, without any regard to the correctness of the August 31, 1953 order, that under the facts as they now exist, and without any modification of the previous order or any attempt to do so, the court simply makes an order at this time finding that one of the attorneys for the petitioner is a bona fide resident of the State of Arkansas, with license to practice in the Supreme Court of this State and all inferior courts, that the rule, valid or invalid, promulgated in 1933, no longer applies to that attorney.
The order is that the plaintiff be and he is hereby granted permission at this time to proceed with the trial of his cause with his present solicitors, Mr. Roberts and Mr. Norfleet.
NOTES
[1] For election controversies, see Cain v. Carllee, 171 Ark. 155, 283 S.W. 365; and Brown v. Anderson, 210 Ark. 970, 198 S.W.2d 188.
[2] The majority opinion says: "Respondent briefed its cause on the theory, not too clearly defined, however, that the rule had a different meaning". But it is evident that the Clerk of the Court, and the Court itself, all the time declared the rule as meaning State, instead of County There was never a timein the record in this casewhen the rule was understood as meaning only attorneys resident of Crittenden Covnty. It was all the time understood as meaning attorneys resident of the State of Arkansas.
[2] See Note 2 on page 7.